■ KIMBERLY ANDRON, Appellant, v HOWARD LIBBY, Respondent. [993 NYS2d 272]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 15, 2012, which denied plaintiff's motion for summary judgment and for dismissal of the counterclaim, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for a hearing to determine

reasonable attorney's fees. Appeal from order, same court and Justice, entered April 26, 2013, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.

Plaintiff brought this action against defendant, her former father-in-law, to enforce his guaranty of a settlement agreement reached in a matrimonial proceeding. Defendant counterclaimed, seeking damages in the form of costs associated with this litigation. The settlement agreement provided in relevant part that plaintiff, the former wife, who remained an obligor on a mortgage and a line of credit agreement along with her nonparty former husband (hereinafter, the husband), had the right to notify the husband or defendant when there was an "uncured default" in the monthly payments and demand that the default be cured. It also provided that defendant's failure to give notice of the cure within five business days of plaintiff's initial demand, would trigger her right to seek immediate enforcement of the settlement agreement, including, as pertinent here, defendant's payment of her reasonable attorney's fees incurred in the enforcement of the guaranty.

Plaintiff's primary claim is that as of July 2010 the husband's repeated late payments on the mortgage and the line of credit had damaged her credit and resulted in receipt of a bank notice indicating that the former marital residence was at risk of foreclosure. Defendant failed to provide proof of cure of the defaulted payments by July 19, 2010, five business days after her demand. On July 22, 2010, defendant was notified by email that because he had not given timely notice to plaintiff that the defaults had been cured, plaintiff was asserting her right to have the entire equitable distribution payment come due immediately. When no payments were made, plaintiff commenced this litigation. Since commencement of this action, defendant has paid the accelerated debt and default interest, and the first cause of action is no longer at issue.

The crux of the defense is that while plaintiff admittedly did not receive notice of cure within five days, the accounts were allegedly already up to date or were brought up to date within that five-day period, and that this is sufficient to deny summary judgment. He also argues that there are questions of fact including whether there was an actual default, and the nature of plaintiff's motives in bringing the litigation.

"A party opposing summary judgment may proffer hearsay evidence, but such proof may not be the sole factual basis for denying summary judgment" (*Sunfirst Fed. Credit Union v Empire Ins. Co./All City Ins. Co.*, 239 AD2d 894, 894 [4th Dept

1997] [citations omitted]; *see also Wilbur v Wilbur*, 266 AD2d 535, 536 [2d Dept 1999] [finding that the defendant's deposition testimony as to what her mother told her was "unsubstantiated hearsay" and contradicted by documentary evidence, and therefore insufficient to defeat summary judgment]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, pertaining to the line of credit account, defendant avers, and the husband states in a letter emailed on July 23, 2010, that the bank representative informed them that as of July 16, 2010 the line of credit payments were current, with the next payment due on July 25, 2010. Defendant contends that the statement by the bank representative was the best and only information he could obtain, as he was not a signatory on the accounts at issue and not allowed to obtain copies of the statements. Nonetheless, defendant's affidavit relies only on hearsay evidence that a bank representative had indicated that the line of credit was in good standing. The documentary evidence is to the contrary.

It is not the function of the court to remake an agreement agreed to by the parties, but to enforce it as it exists (*Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 69 [1978]). The proper aim of the court is to arrive at a construction that gives meaning to all the language employed by the parties (*see Tantleff v Truscelli*, 110 AD2d 240, 244 [2d Dept 1985], *affd* 69 NY2d 769 [1987]). The parties agreed in the settlement agreement that defendant's failure to cure a default or to give notice that the default had been cured within five business days of plaintiff's demand would trigger plaintiff's right to certain remedies. We cannot ignore the parties' written agreement.

The motion court erred in finding a question of fact as to whether the mortgage was actually in default when plaintiff made her demand. The fact that defendant was told on July 16 that payment of $5,683.50 would bring the accounts up to date, and that his bank statement shows that this payment was made on July 19, establishes that the mortgage payments had in fact been in arrears, and plaintiff was entitled to make her demand. It was, under the circumstances, also error to rely on the hearsay statement of the bank representative to find issues of fact and credibility as to whether the home equity line of credit was in default, as plaintiff claims, or was current. The representative's alleged statement is belied by the bank statements showing that no payment was made on the line of credit as of June 30, 2010, and the payment on July 2, 2010 represents the payment due in June, not the payment due in July as claimed by the husband. The bank statements show that the arrears carried forward even after July. Giving defendant, the nonmov-

ing party, the benefit of every favorable inference, even if he were under the mistaken belief that payment on the line of credit was current, the fact that he paid funds to correct the balance of the outstanding mortgage is sufficient evidence of a default and that plaintiff did not abuse the terms of the settlement agreement when she sought a cure *and proof of the cure*. Accordingly, she is entitled to the enforcement of the guaranty's provision for her reasonable attorney fees to be paid in this litigation.

As for defendant's counterclaim for costs based on his argument that he timely cured any default, as well as paid the full amount of the equitable distribution sum that plaintiff sought rendering her first cause of action moot, we find that his claim lacks merit. The documentary evidence shows that the husband had a pattern of making late payments on both accounts. This pattern harmed plaintiff's credit history, and it was only by seeking legal assistance that she was able to have the payments made current and to restore her credit rating. Notably, after her attorney intervened, defendant not only brought the mortgage up to date, but paid the accelerated equitable distribution claim. Given this history, we do not find plaintiff's suit to be frivolous nor do we find that it constitutes harassment. Accordingly, the counterclaim should be dismissed (*see* 22 NYCRR 130-1.1 [a], [c] [2], [3]). Concur—Mazzarelli, J.P., Friedman, Saxe, Manzanet-Daniels and Feinman, JJ.