■ BAKARI KINSEY, Appellant, v CITY OF NEW YORK et al., Respondents. [36 NYS3d 8]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 21, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

New York City police officers and emergency medical technicians (EMTs) responded to a 911 call regarding plaintiff, who suffered from bipolar disorder. When they arrived, plaintiff appeared calm, and wanted help. The police convinced plaintiff to enter an ambulance, but after he was seated and his vital signs were taken, he opened the ambulance door, ran up five flights of stairs of a nearby building and, while attempting to climb down the fire escape, fell to the ground.

Defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that they owed no special duty to plaintiff (see *McLean v City of New York*, 12 NY3d 194, 199 [2009]), other than "that owed the public generally" (*Lauer v City of New York*, 95 NY2d 95, 100 [2000]). In opposition, plaintiff failed to raise an issue of fact (see *Torres v City of New York*, 116 AD3d 947 [2d Dept 2014]; *compare Applewhite v Accuhealth, Inc.*, 21 NY3d 420 [2013]).

Moreover, since the decisions of the City's police officers and EMTs were discretionary ones, the City is protected by governmental immunity (*see Valdez v City of New York*, 18 NY3d 69, 79 [2011]) and, even if such decisions prove to be erroneous, they do not cast the City in damages (*see DiMeo v Rotterdam Emergency Med. Servs., Inc.*, 110 AD3d 1423, 1424 [3d Dept 2013], *lv denied* 22 NY3d 864 [2014]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ.