Matter of Estate of Archibald v New York City Hous. Dept. (2020 NY Slip Op 01713)





Matter of Estate of Archibald v New York City Hous. Dept.


2020 NY Slip Op 01713


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11264 21280/11

[*1]In the Matter of The Estate of Kyle Archibald, etc., et al., Plaintiffs-Appellants,
v
The New York City Housing Department, et al., Defendants-Respondents, Lincoln Medical and Medical Health Center, et al., Defendants.


Silbowitz Garafola Silbowitz Schatz & Friedman, LLP, New York (Jill B. Savedoff of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for New York Housing Department, respondent.
Georgia M. Pestana, Acting Corporation Counsel, New York (Deborah A. Brenner of counsel), for City of New York, NYPD, FDNY and EMS, respondents.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered June 6, 2018, which, to the extent appealed from as limited by the briefs, granted the motions of defendant New York City Housing Authority (NYCHA) and defendants City of New York and New York City Fire Department Emergency Medical Services (collectively the City defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiffs' decedent (the infant) died after suffering a severe asthma attack. Plaintiffs allege that inoperable elevators in the NYCHA building where the infant lived with his mother, plaintiff Bethsaid Archibald, delayed emergency medical workers in reaching him, and that the City defendants were negligent in treatment. The motion court correctly found that the City defendants were entitled to summary judgment as they demonstrated they owed no special duty to plaintiffs (see Lauer v City of New York, 95 NY2d 95, 100 [2000]; Kinsey v City of New York, 141 AD3d 420 [1st Dept 2016], lv denied 28 NY3d 907 [2016]). The City's employees, who responded to the 911 call regarding the infant's asthma attack, made no promises to the infant or to Bethsaid, nor did they give any assurances or advice that would create a special relationship (compare Applewhite v Accuhealth, Inc., 21 NY3d 420 [2013]).
The court also properly granted summary judgment to NYCHA for plaintiffs' claims arising out of allegedly defective elevators at their premises. Bethsaid's testimony that she and her son rode the elevator down with the first responding unit contradicts claims that both elevators were inoperable that day. Their claims that the elevators were inoperable minutes earlier, when emergency workers first arrived, are similarly belied by the testimonial evidence, and other hearsay statements to the contrary are insufficient alone to create a question of fact (see Andron v Libby, 120 AD3d 1056, 1057-1058 [1st Dept 2014]). Furthermore, plaintiffs failed to adduce evidence that any delay caused by the emergency medical workers allegedly needing to take the stairs upon arrival was a proximate cause of the infant's
death (see Lebron v New York City Hous. Auth., 158 AD3d 503 [1st Dept 2018]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK