Anonymous v Anonymous (2026 NY Slip Op 01399)

Anonymous v Anonymous

2026 NY Slip Op 01399

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 365083/21|Appeal No. 6075-6076|Case No. 2023-03974 2025-02930|

[*1]Anonymous, Plaintiff-Appellant,
vAnonymous, Defendant-Respondent. 

Emery Celli Brinckerhoff Abady Ward & Maazel LLP, New York (Richard D. Emery of counsel), for appellant.
Cohen Clair Lans Griefer & Simpson LLP, New York (Joseph F. De Simone of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered June 28, 2023, which, to the extent appealed from, ordered plaintiff to pay the entirety of the children's educational expenses and awarded defendant $40,000 in counsel fees, unanimously affirmed, without costs. Order, same court (Ta-Tanisha D. James, J.), entered April 4, 2025, which, to the extent appealed from as limited by the briefs, found plaintiff in contempt for failing to comply with the June 2023 order and awarded defendant expenses incurred and counsel fees, unanimously affirmed, without costs.
The June 2023 order correctly enforced the parties' settlement agreement, and we reject plaintiff's challenge to his obligation to pay 100% of the children's tuition at their current school (see Lamin v Lamin, 195 AD3d 486, 487 [1st Dept 2021]). Moreover, defendant is entitled to reimbursement of all tuition expenses she paid, regardless of whether they were incurred before or after execution of the settlement agreement (see Kozminski v Kozminski, 169 AD3d 1418, 1418 [4th Dept 2019]). The parties expressly agreed that plaintiff would be "100% financially responsible for the costs of the Children's education," including "school tuition fees and related costs until the Children finish[] school (including graduate school tuition and related fees)," that plaintiff would make "annual advance payments for the Children's education and related fees," and that the children would "continue on the current path for their education." The children attended the same school at the date of commencement and the date on which the parties entered into their settlement agreement as they did at the time of the June 2023 order.
Plaintiff's arguments concerning the school's accreditation and defendant's involvement with the school are unavailing. Courts may not rewrite unambiguous contracts to add conditions the parties themselves did not include (see Keller-Goldman v Goldman, 149 AD3d 422, 424 [1st Dept 2017], affd 31 NY3d 1123 [2018]). In any event, the children's placement at the school was approved by the Taipei Department of Education, and the Taiwan court expressly authorized defendant to independently handle all educational decisions.
The court providently exercised its discretion in finding plaintiff in contempt of the June 2023 order (see Parada v Herron, 223 AD3d 532, 533 [1st Dept 2024]). Returning to the language of the agreement, plaintiff's obligation for school tuition was unconditional and the amount due was objectively ascertainable. The painstakingly negotiated agreement required plaintiff to pay tuition in full. Defendant's notice of default and subsequent cross-motion were supported by the school's invoices, and once the court determined that plaintiff was required to pay 100% of the tuition, his precise obligation was objectively ascertainable. Moreover, given the clear language of the agreement directing plaintiff to make tuition payments in advance, any tuition arrears became due immediately.
Plaintiff's contention that the court was required to hold a hearing before holding him in contempt is unpersuasive. A court is not required to hold a hearing where the opposition to a motion for contempt fails to "raise a factual dispute as to the elements of civil contempt, or the existence of a defense" (Astraea NYNY LLC v Ganley, 242 AD3d 630, 631-632 [1st Dept 2025], quoting El-Dehdan v El-Dehdan, 114 AD3d 4, 17 [2d Dept 2013], affd 26 NY3d 19 [2015]). Plaintiff's attempts to challenge the children's school placement, the adequacy of the receipts, and the timing of defendant's reimbursement requests are foreclosed by the clear language of the parties' agreement, and he otherwise did not raise any argument regarding an inability to pay.
The awards of counsel fees in the June 2023 and April 2025 orders were proper (see Andron v Libby, 120 AD3d 1056, 1058 [1st Dept 2014]). The parties agreed in the settlement agreement that a nonperforming party's failure to cure a default within 15 days after service of a notice of default would trigger the non-defaulting party's right to certain remedies, such as reasonable costs and expenses, including counsel fees. Plaintiff does not challenge the sufficiency of the notices of default, and the record reflects that defendant fully complied with the service requirements by serving the husband both by email and certified mail. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026