■ JAMES F. ALLEN et al., Individually and as Co-Executors of the Estate of DELIA H. ALLEN, Deceased, Appellants, v TOWN OF AMHERST et al., Defendants-Respondents. [740 NYS2d 904] —Appeal from an order of Supreme Court, Erie County (Mintz, J.), entered January 3, 2001, which granted defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendants' motion in part and reinstating the complaint

insofar as it seeks to impose liability on defendant Town of Amherst with respect to defendant Brian G. Miller's operation of the police vehicle and as modified the order is affirmed without costs.

Memorandum: On a Saturday afternoon, defendant Brian G. Miller, a police officer for defendant Town of Amherst (Town), received a dispatch of "customer trouble" involving a "white male patron at the bar intoxicated." Miller responded to the call by heading to the location of the bar with his emergency lights and siren activated. Miller's vehicle collided with a vehicle driven by plaintiffs' decedent as she attempted to turn into a shopping plaza in front of Miller's vehicle. Decedent died as the result of the injuries that she sustained in that collision.

We conclude that Supreme Court erred in granting that part of defendants' motion seeking summary judgment dismissing the complaint insofar as it seeks to impose liability on the Town with respect to Miller's operation of the police vehicle. Although defendants met their initial burden on the motion, plaintiffs raised a triable issue of fact whether Miller acted with reckless disregard for the safety of others in his operation of the police vehicle (*see* Vehicle and Traffic Law § 1104 [e]; *see generally Saarinen v Kerr,* 84 NY2d 494, 501). Plaintiffs submitted evidence that Miller was traveling at a speed between 62 and 72 miles per hour. Miller's conduct in exceeding the posted speed limit "cannot alone constitute a predicate for liability, since it is expressly privileged under Vehicle and Traffic Law § 1104 (b) (3)" (*Saarinen,* 84 NY2d at 503). Defendants acknowledged, however, that there was other vehicular traffic in the vicinity, and plaintiffs raised a triable issue of fact whether Miller was in violation of the rules and regulations of the Town of Amherst Police Department (*see Criscione v City of New York,* 97 NY2d 152, 158; *cf. Saarinen,* 84 NY2d at 503). Plaintiffs' expert in the area of police vehicle operations and emergency responses opined that Miller's response and operation of the vehicle was in reckless disregard for the safety of others.

We conclude, however, that the court properly granted that part of defendants' motion seeking summary judgment dismissing the complaint insofar as it seeks to impose liability on the Town based on the actions of the 911 "complaint writer" and the police dispatcher. Defendants established as a matter of law that the determinations of those individuals with respect to how much information to relay "involve[d] the exercise of discretion" and thus the Town may not be held liable for the consequences of their determinations (*Tango v Tulevech,* 61

NY2d 34, 40; *see Mon v City of New York*, 78 NY2d 309, 313, *rearg denied* 78 NY2d 1124).

We therefore modify the order by denying defendants' motion in part and reinstating the complaint insofar as it seeks to impose liability on the Town with respect to Miller's operation of the police vehicle. Present—Pigott, Jr., P.J., Pine, Hayes, Hurlbutt and Lawton, JJ.