PHURI SHERPA, Individually and as Coadministrator of the Estate of Tshering Lamasherpa, Deceased, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORP., Defendant, and CITY OF NEW YORK, Respondent. [934 NYS2d 463]—

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the judgment dated August 24, 2010 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Shortly after 1:00 A.M. on July 30, 2005, the plaintiff called 911 on behalf of his wife, the decedent Tshering Lamasherpa, and requested an ambulance because the decedent was having trouble breathing. Based on the information conveyed in the 911 call, the ambulance dispatcher classified the plaintiff's call as "RESPIR," which is a priority "4" call, and dispatched a Basic Life Support (hereinafter BLS) ambulance to the scene. Shortly thereafter, that ambulance was reassigned to a higher priority call, and another BLS ambulance was assigned to respond to the plaintiff's call. After the arrival of the BLS ambulance, the decedent's priority status was upgraded, and an Advanced Life Support (hereinafter ALS) ambulance was assigned to respond. An ALS ambulance carries additional life support equipment and medicine and is staffed by paramedics who have additional training and are authorized to administer intravenous medications and perform invasive procedures such as intubating a patient. After the ALS ambulance arrived, the decedent went into cardiac arrest. The ALS paramedics succeeded in resuscitating the decedent and transported her to the emergency room. Over the next 24 hours, the decedent suffered three more episodes of cardiac arrest, from which she was resuscitated, but she could not be resuscitated from a fourth episode of cardiac arrest that occurred at 1:39 A.M. on July 31, 2005, and she passed away.

The plaintiff commenced this action against, among others, the City of New York, the alleged owner and operator of the 911 emergency system and ambulances. Insofar as is relevant, the plaintiff alleged that the 911 dispatcher negligently sent the wrong kind of ambulance in response to his 911 call. The defendants moved for summary judgment dismissing the complaint. The Supreme Court, among other things, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the City and dismissed the complaint insofar as asserted against that defendant. We affirm the judgment insofar as appealed from by the plaintiff.

In the context of municipal employees acting as agents for a municipality, "[g]overnment action, if discretionary, may not be a basis for liability" (*McLean v City of New York*, 12 NY3d 194,

203 [2009]; *see Lauer v City of New York*, 95 NY2d 95, 99 [2000]; *Tango v Tulevech*, 61 NY2d 34, 40 [1983]; *Kochanski v City of New York*, 76 AD3d 1050, 1051 [2010]). "[D]iscretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (*Tango v Tulevech*, 61 NY2d at 41; *see Haddock v City of New York*, 75 NY2d 478, 484 [1990]; *Kelleher v Town of Southampton*, 306 AD2d 247, 248 [2003]).

The defendants met their prima facie burden of establishing entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the City by showing that the ambulance dispatcher's decision of which kind of ambulance to send was discretionary and, therefore, protected by the doctrine of governmental immunity (*see generally Allen v Town of Amherst*, 294 AD2d 828, 829 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit or need not be reached in light of the foregoing.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.

