■ MARIA DIMEO, Individually and as Executor of ALESSANDRO DIMEO, Deceased, Appellant, v ROTTERDAM EMERGENCY MEDICAL SERVICES, INC., et al., Respondents. [974 NYS2d 178]—

McCarthy, J. Appeal from an order of the Supreme Court (Reilly Jr., J.), entered October 12, 2012 in Schenectady County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff called 911 after her husband (hereinafter decedent) awoke complaining of shortness of breath and chest pain. The dispatcher sent a paramedic, employed by defendant Town of Rotterdam, and an ambulance, that was owned by defendant Rotterdam Emergency Medical Services, Inc. (hereinafter REMS) and staffed by two emergency medical technicians (hereinafter EMTs) trained to provide basic life support services. After taking a history and examining decedent, the paramedic encouraged him to go to the hospital. The family requested that decedent go to a hospital in the City of Albany, rather than one that was closer to decedent's home in the Town of Rotterdam, Schenectady County. The paramedic determined that decedent was stable enough to go to the farther hospital and that advanced life support services were not necessary during the transport, so the paramedic turned decedent over to the EMTs

and left. About half way to the hospital, decedent's condition worsened. The EMTs unsuccessfully attempted to arrange for advanced life support assistance en route. Decedent was in cardiac arrest when they arrived at the hospital. He died the following week.

Plaintiff commenced this wrongful death action. Following the completion of discovery, the Town and REMS each moved for summary judgment dismissing the complaint. Supreme Court granted both motions. Plaintiff appeals.

Supreme Court properly granted the Town's motion for summary judgment. The Court of Appeals recently held that when a municipality provides emergency first responder services in response to a 911 call for assistance, as the Town did here by dispatching its paramedic, "it performs a governmental function[, rather than a proprietary one,] and cannot be held liable unless it owed a 'special duty' to the injured party" (*Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 423-424 [2013]). A plaintiff generally must first establish the existence of a special duty before it becomes necessary for the court to address whether the governmental function immunity defense applies (*see Metz v State of New York*, 20 NY3d 175, 179 [2012]; *Valdez v City of New York*, 18 NY3d 69, 80 [2011]), but the special relationship issue is irrelevant where the government action in question is discretionary (*see McLean v City of New York*, 12 NY3d 194, 203 [2009]). "Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (*id.* at 203; *see Lauer v City of New York*, 95 NY2d 95, 99-100 [2000]; *Tango v Tulevech*, 61 NY2d 34, 40 [1983]; *see also* Michael G. Bersani, *The "Governmental Function Immunity" Defense in Personal Injury Cases in the Post-McLean World*, 85 NY St BJ 37, 40 [June 2013]). Discretionary authority involves "the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (*Haddock v City of New York*, 75 NY2d 478, 484 [1990] [internal quotation marks and citation omitted]; *accord Murchison v State of New York*, 97 AD3d 1014, 1017 [2012]).

Although the record here at least arguably contains factual issues concerning whether the Town voluntarily assumed a duty to decedent or plaintiff, thereby creating a special duty (*see Applewhite v Accuhealth, Inc.*, 21 NY3d at 431), we need not address that question because the Town's actions were discretionary. The Town's paramedic exercised his discretion in making

medical determinations concerning decedent's condition, such as the type of examination and tests to perform, whether decedent was stable enough to be transported to a hospital that was farther away, and whether he could be transported with basic life support services or if the paramedic needed to ride in the ambulance to be available to provide advanced life support services en route to that hospital (see *Sherpa v New York City Health & Hosps. Corp.*, 90 AD3d 738, 740 [2011]; *cf. Murchison v State of New York*, 97 AD3d at 1017). Thus, as its actions were discretionary, the Town established its entitlement to immunity pursuant to the governmental function immunity defense.\*

Supreme Court also properly granted REMS's motion for summary judgment. Plaintiff contends that questions of fact exist regarding whether REMS was negligent by failing to request that the paramedic accompany the ambulance to the hospital, not taking decedent to the nearest hospital, failing to notify the hospital of their impending arrival, and failing to provide reasonable medical care, including not recognizing the seriousness of decedent's condition and not using an automated external defibrillator (hereinafter AED) on decedent when he went into respiratory and cardiac arrest. According to Policy Statement 98-05 issued by the Department of Health's Bureau of Emergency Medical Services, "the individual having the highest level of prehospital certification and who is responding with authority, 'has a duty to act' and therefore is responsible for providing and/or directing emergency medical care and the transportation of a patient" (footnotes omitted). While REMS's EMTs provided medical care at decedent's house, the paramedic—who was the person with the highest level of certification—had the ultimate authority over decisions concerning the care provided. The paramedic, and not the EMTs, was responsible for deciding that decedent could be transported to the farther hospital and that the paramedic did not need to accompany the ambulance. While the EMTs could have requested that the paramedic accompany them, they could not compel him and he was not required to do so. REMS cannot be held liable for the paramedic's determination not to accompany the ambulance, and the Policy Statement required the EMTs to defer to his medical judgment.

---

\* The Court of Appeals' recent decision in *Applewhite v Accuhealth, Inc.* (21 NY3d 420 [2013], *supra*) does not mandate a contrary result. In *Applewhite*, the municipal defendant did not challenge the Appellate Division's finding that the responding EMTs were "acting in a ministerial capacity" (*id.* at 427 n 2 [internal quotation marks and citation omitted]). Here, however, the nature of the challenged governmental action is actively contested and, based upon our review of the record, we conclude—for the reasons previously stated—that the actions of the Town's paramedic constitute discretionary actions.

Although plaintiff asserts that the EMT in the back of the ambulance should have used the AED, the EMT testified that decedent went into cardiac arrest when they were almost at the hospital, such that he began CPR and only performed one cycle of chest compressions before they arrived. In light of the circumstances, timing and proximity to the hospital, which were not addressed by plaintiff's expert, REMS's expert opined that it was the better practice for the EMT to commence CPR immediately rather than delay by taking time to connect the AED and wait for its analysis. Plaintiff's expert also failed to explain how use of an AED, rather than CPR, during the limited time before arrival at the hospital would have prevented harm to decedent. Additionally, REMS cannot be faulted for failing to provide medical procedures or treatments such as intubation and inserting an IV—as proposed by plaintiff's expert—that are beyond the scope of practice of a basic EMT.

Viewing the evidence in a light most favorable to plaintiff (*see Torns v Samaritan Hosp.*, 305 AD2d 965, 967 [2003]), the record may contain a factual question regarding whether the EMTs notified the hospital that they would be arriving with decedent. Even so, there is no evidence of causation, as there is no proof that the hospital was unprepared to handle an unexpected cardiac emergency; indeed, it appears that the hospital personnel immediately responded to decedent's situation, provided emergency treatment and resuscitated him (*see Yamin v Baghel*, 284 AD2d 778, 780 [2001]). There is no proof that the EMTs deviated from the acceptable standard of care or that their actions caused decedent harm. As plaintiff did not raise any triable factual issues, REMS was entitled to summary judgment.

Stein, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.