■ Sherwin McCarthy, Appellant, v City of New York et al., Respondents, et al., Defendants. [988 NYS2d 667]—

In an action to recover damages for personal injuries and injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 17, 2012, which granted the motion of the defendants City of New York and New York City Department of Buildings for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured, and sustained damage to his property, when a wall on the property line between his property and the adjoining property fell onto his property and struck him. The plaintiff previously had reported the allegedly defective condition of the wall to the defendants City of New York and New York City Department of Buildings (hereinafter together the city defendants). An inspector for the city defendants visited the site and inspected the wall, and, finding that the wall did not pose a hazard, took no action. After the plaintiff commenced this action against the city defendants, among others, the city defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the city defendants' motion.

" '[G]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general' " (*Valdez v City of New York*, 18 NY3d 69, 76-77 [2011], quoting *McLean v City of New York*, 12 NY3d 194, 203 [2009]). A plaintiff must first establish the existence of a special duty owed to it by the municipality before it becomes necessary to address whether the municipality can rely upon the defense of governmental immunity (*see Flagstar Bank, FSB v State of New York*, 114 AD3d 138, 143 [2013]; *see also Metz v State of New York*, 20 NY3d 175, 179 [2012]; *Valdez v City of New York*, 18 NY3d at 80). If it is determined that the municipality owes no special duty of care to the plaintiff, then the municipality has not breached a duty of care, and it is unnecessary to determine whether the defense of sovereign immunity applies, or whether the specific act of the public official is classified as discretionary or ministerial (*see Flagstar Bank, FSB v State of New York*, 114 AD3d at 143). "A 'special duty' is 'a duty to exercise reasonable care toward the plaintiff,' and is 'born of a special relationship between the plaintiff and the governmen-

tal entity' " (*id.*, quoting *Pelaez v Seide*, 2 NY3d 186, 189, 198-199 [2004]; *see McLean v City of New York*, 12 NY3d at 199). " 'A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation' " (*Flagstar Bank, FSB v State of New York*, 114 AD3d at 143, quoting *Pelaez v Seide*, 2 NY3d at 199-200; *see McLean v City of New York*, 12 NY3d at 199).

Here, in support of their motion, the city defendants established, prima facie, that they did not owe a special duty to the plaintiff based on their actions, inter alia, in having an inspector inspect the wall, and that therefore they had not breached any special duty. Among other things, under the particular circumstances of this case, the city defendants established, prima facie, that they did not voluntarily assume a duty which generated justifiable reliance on the part of the plaintiff. In opposition to the city defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the city defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.