■ ANTHONY DIXON et al., Respondents, v CITY OF NEW YORK et al., Appellants. [991 NYS2d 463]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated December 19, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The adult son of the plaintiff Carolyn Mason called the 911 emergency telephone number to obtain assistance for Mason, who was approximately 38 weeks pregnant, after Mason began to experience heavy vaginal bleeding. A few minutes later, a "Basic Life Support" (hereinafter BLS) ambulance arrived at Mason's residence. The emergency medical technicians (hereinafter EMTs) requested an "Advanced Life Support" (hereinafter ALS) ambulance staffed with paramedics based upon Mason's heavy blood loss and shortness of breath. The ALS ambulance arrived a few minutes later. Mason was then carried by a stair chair down the stairs to the BLS ambulance and transferred onto a stretcher. An intravenous (hereinafter IV) line was started by a paramedic before Mason was transported to the hospital, where she arrived 34 minutes after the 911 call was placed. An emergency cesarean section was performed, and the infant plaintiff Anthony Dixon was delivered. It was determined that Mason had suffered a placental abruption, which caused a depletion in oxygen from the mother to the fetus, resulting in the infant plaintiff sustaining, among other things, permanent brain damage.

The plaintiffs commenced this action against the City of New York and the New York City Fire Department (hereinafter together the city defendants), alleging that the infant plaintiff's injuries were caused, inter alia, by the negligence of the ambulance dispatcher in sending the wrong type of ambulance, and the negligence of the ambulance personnel in delaying the transport of Mason to the hospital. The Supreme Court denied the city defendants' motion for summary judgment dismissing the complaint, and the city defendants appeal.

Under the doctrine of governmental function immunity, " '[g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general' " (*Valdez v City of New York*, 18 NY3d 69, 89-90 [2011], quoting *McLean v City of New York*, 12 NY3d 194, 203 [2009]; *see Applewhite v Accuhealth, Inc.*, 21 NY3d 420 [2013]).

Here, the city defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that their actions were discretionary. The city defendants' dispatcher exercised discretion in deciding which type of ambulance to send to Mason's home, based upon the information provided in the 911 call. The EMTs exercised their discretion in calling for an ALS ambulance based upon the amount of blood loss and Mason's difficulty breathing, in declining the assistance of the police officers who responded to the scene, and in requiring Mason to wait for the ALS paramedics in her apartment. Similarly, the city defendants' paramedics exercised their discretion in reassessing Mason's condition upon their arrival at the scene and in administering an IV prior to transporting her to the hospital. The aforementioned allegedly negligent actions of the ambulance dispatcher, the EMTs, and the paramedics were discretionary and, therefore, may not be a basis for liability (*see DiMeo v Rotterdam Emergency Med. Servs., Inc.*, 110 AD3d 1423 [2013]; *Sherpa v New York City Health & Hosps. Corp.*, 90 AD3d 738, 740 [2011]).

In opposition, the plaintiffs failed to raise a triable issue of fact.

The city defendants' remaining contentions either are without merit or need not be reached in light of the foregoing.

Accordingly, the Supreme Court should have granted the city defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.