Xenias v City of New York (2021 NY Slip Op 00647)





Xenias v City of New York


2021 NY Slip Op 00647


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Gische, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 100988/14 Appeal No. 13040-13041-13042N-13042NA Case No. 2019-03417(3) 

[*1]Anastasia Xenias, as Administrator of the Estate of Mike S. Xenias, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.


Anastasia Xenias, PhD, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondents.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered December 21, 2018, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered January 29, 2019, which denied plaintiff's motion to strike defendants' answer as moot, unanimously reversed, on the law, without costs, and the motion remanded for determination on the merits. Order, same court and Justice, entered June 3, 2019, which, insofar as appealed from as limited by the briefs, denied the branch of plaintiff's motion seeking to renew the motion to dismiss, granted, in effect, the branch of the motion seeking to reargue, and, upon reargument, adhered to the prior determination, unanimously reversed, on the law, without costs, and the order vacated. Order, same court and Justice, entered February 5, 2020, which denied plaintiff's second motion to renew the motion to dismiss, unanimously reversed, on the law, without costs, and the order vacated.
Plaintiff's allegations are sufficient to establish a special relationship between the City and the decedent that brings her claim within the exception to the general rule that a municipality may not be held liable to a person injured by the breach of a duty that it owes to the general public — such as the duty to provide ambulance service (see Cuffy v City of New York, 69 NY2d 255, 260 [1987]). The allegation that the 911 operator told plaintiff that "we are on our way" is sufficient to establish defendants' assumption of an affirmative duty to act on the decedent's behalf (see De Long v County of Erie, 60 NY2d 296, 305 [1983]; Grieshaber v City of Albany, 279 AD2d 232, 235 [3d Dept 2001], lv denied 96 NY2d 719 [2001]). Plaintiff sufficiently alleged justifiable reliance on the call operator's statement through an affidavit submitted in opposition to defendants' motion in which she listed several additional actions she would have taken to secure help but for the operator's assurance (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 431 [2013]; see also Leon v Martinez, 84 NY2d 83, 88 [1994]). The remaining elements are not at issue (see Cuffy, 69 NY2d at 260).
Dismissal is also not appropriate at this stage pursuant to the doctrine of governmental function immunity, which shields public entities from liability for "discretionary" actions taken during the performance of "governmental functions" (Valdez v City of New York, 18 NY3d 69, 75-76 [2011]). It is undisputed that the provision of emergency care by FDNY EMTs constitutes a governmental function (see Applewhite, 21 NY3d at 427-30). It is also clear that determinations of whether and when to dispatch an ambulance, the type of ambulance to dispatch and from where, and the route the ambulance should take are discretionary in nature (see Sherpa v New York City Health & Hosps. Corp., 90 AD3d 738, 740 [2d Dept 2011]; Dixon v [*2]City of New York, 120 AD3d 751, 753 [2d Dept 2014], lv denied 26 NY3d 913 [2015]). However, it is not clear that the delay at issue here was due to an affirmative exercise of this discretion, rather than an unintentional failure to timely dispatch an ambulance (see generally Valdez, 18 NY3d at 79-80).
To the extent plaintiff's claims relate to FDNY's actions after arriving on the scene, they are not properly considered, as this theory of liability was not disclosed in plaintiff's notice of claim, which specifically alleged that FDNY never arrived, let alone treated the decedent (see General Municipal Law §§ 50-e; 50-i[1][a]; Pratts v Campolo, 150 AD3d 549 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021