Estate of Enchautegui v City of New York (2021 NY Slip Op 01231)





Estate of Enchautegui v City of New York


2021 NY Slip Op 01231


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 6803/07 Appeal No. 13241 Case No. 2020-03335 

[*1]The Estate of Daniel Enchautegui, etc., et al., Plaintiffs-Appellants,
v
The City of New York, Defendant-Respondent, Steven Armento, et al., Defendants.


Sullivan Papain Block McGrath Coffinas & Cannavo P.C., Garden City (Christopher J. DelliCarpini of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Kate Fletcher of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about February 27, 2020, which granted defendant City of New York's motion to dismiss the complaint pursuant to CPLR 3211(a)(7) and 3212(a), unanimously affirmed, without costs.
Plaintiffs claim that the City's agent negligently chose a lower priority radio dispatch code in response to the decedent off-duty police officer's 911 call regarding a possible burglary in the house next door and that the use of a lower priority code resulted in police arriving later than they might have if a higher priority code had been used.
The City established that the defense of governmental function immunity applies in this case, as its agent's duties inherently entailed the exercise of discretion and judgment, and that the assignment of an applicable dispatch code based on the limited information provided by the decedent resulted from discretionary decision-making (see generally Valdez v City of New York, 18 NY3d 69, 79-80 [2011]; see e.g. Sherpa v New York City Health & Hosps. Corp., 90 AD3d 738, 740 [2d Dept 2011]; Allen v Town of Amherst, 294 AD2d 828 [4th Dept 2002], lv denied 3 NY3d 609 [2004]).
The court correctly dismissed plaintiffs' General Municipal Law § 205-e claim for failure to identify noncompliance with a requirement found in a well developed body of law or regulation that imposes clear duties (see generally Galapo v City of New York, 95 NY2d 568, 574 [2000]).
We need not reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021