Devlin v City of New York (2021 NY Slip Op 02275)





Devlin v City of New York


2021 NY Slip Op 02275


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-00831
 (Index No. 3021/12)

[*1]Elizabeth Devlin, etc., et al., respondents,
v
City of New York, et al., appellants, et al., defendants.


James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and MacKenzie Fillow of counsel), for appellants.
Rosado, Apat & Dudley, LLP, Hicksville, NY (Richard H. Apat of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the defendants City of New York and New York City Police Department appeal from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered November 13, 2018. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against the defendant City of New York.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants City of New York and New York City Police Department which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against the defendant City of New York are granted.
On February 11, 2011, police officers responded to an alleged domestic disturbance at the home of Elizabeth Ann Devlin, who resided there with her adult sons, Matthew and John. It was alleged that an altercation had occurred between Matthew and his mother, however, no arrest was made, as the officers determined that no crime had been committed. The following day, Matthew allegedly attacked his mother and brother with a baseball bat, injuring both of them. On February 17, 2011, Elizabeth Ann Devlin allegedly died due to the injuries she sustained during the attack.
John Devlin and his sister, as executor of their mother's estate, commenced this action against, among others, the City of New York and the New York City Police Department (hereinafter together the defendants) to recover damages for personal injuries and wrongful death. After issue was joined, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on various grounds, including governmental immunity. In an order entered November 13, 2018, the Supreme Court, inter alia, denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against the City.
"As a general rule, a municipality may not be held liable for injuries resulting from a simple failure to provide police protection" (Cuffy v New York, 69 NY2d 255, 260). "This rule is derived from the principle that a municipality's duty to provide police protection is ordinarily one owed to the public at large and not to any particular individual or class of individuals" (id. at 260). The common-law doctrine of governmental immunity shields public entities from liability for discretionary acts taken during the performance of governmental function (see Valdez v City of New York, 18 NY3d 69, 75-76; Owens v City of New York, 183 AD3d 903, 905). Under this doctrine, a municipal defendant cannot be held liable for the negligent acts of its employee police officers where it establishes that the alleged negligent acts involved the exercise of discretionary authority (see Valdez v City of New York, 18 NY3d at 76-77). Discretionary acts "involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (Tango v Tulevech, 61 NY2d 34, 41; see Owens v City of New York 183 AD3d at 905).
The governmental function immunity defense cannot attach unless the municipal defendant establishes that the discretion possessed by its employees was in fact exercised in relation to the conduct on which liability is predicated (see Valdez v City of New York 18 NY3d at 76). The immunity afforded a municipality presupposes an exercise of discretion in compliance with its own procedures (see Haddock v City of New York, 75 NY2d 478, 485). The basis for the value judgment supporting immunity and denying individual recovery for injury becomes irrelevant where the municipality violates its own internal rules and policies and exercises no judgment or discretion (see Johnson v City of New York, 15 NY3d 676, 681; Haddock v City of New York, 75 NY2d at 485; Normanskill Cr., LLC v Town of Bethlehem, 160 AD3d 1249, 1252). Immunity is not available unless the municipality establishes that the action taken actually resulted from discretionary decision-making, meaning the exercise of reasoned judgment which could typically produce different acceptable results (see Valdez v City of New York, 18 NY3d at 79-80; Normanskill Cr., LLC v Town of Bethlehem, 160 AD3d at 1252).
Here, the defendants established, prima facie, that the City was entitled to judgment as a matter of law dismissing the first, second, and third causes of action by its submissions, which demonstrated that the police officers' actions were discretionary, and they did not fail to follow the police department's rules and policies in deciding not to arrest Matthew on February 11, 2011. The evidence demonstrated that the officers determined that Matthew had committed a violation during the altercation with his mother. Since the officers determined that no crime had been committed, pursuant to CPL 140.10(4)(c) and the patrol guide mandates, the officers were not compelled to arrest Matthew. The evidence further demonstrated that the officers' decision involved reasoned judgment and an exercise of discretion in compliance with departmental procedures. In opposition, the plaintiffs failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against the City.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court