Kralkin v City of New York (2022 NY Slip Op 02399)

Kralkin v City of New York

2022 NY Slip Op 02399

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-11025
 (Index No. 151302/17)

[*1]Yaugeni Kralkin, appellant, 
v
City of New York, et al., respondents.

The Chernyy Law Office, P.C., Staten Island, NY (Borislav Chernyy of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Jamison Davies of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated August 27, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he unbuckled his restraints and jumped from an ambulance while being transported to a hospital. The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint, as the defendants established their prima facie entitlement to judgment as a matter of law and the plaintiff failed to raise a triable issue of fact in opposition.
Under the doctrine of governmental function immunity, government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general (see McLean v City of New York, 12 NY3d 194, 203; Dixon v City of New York, 120 AD3d 751). A public employee's discretionary acts may not result in a municipality's liability even when the conduct is negligent. In other words, even if a plaintiff establishes all of the elements of a negligence cause of action, a municipal defendant engaging in a governmental function can avoid liability if it timely raises the defense and proves that the alleged negligent act or omission involved the exercise of discretionary authority (see Valdez v City of New York, 18 NY3d 69, 76). Discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results, whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result (see Tango v Tulevech, 61 NY2d 34, 41; Devlin v City of New York, 193 AD3d 819).
A municipal emergency response system, including ambulance assistance rendered by first responders such as the emergency medical technicians (hereinafter EMTs) employed by the Fire Department of the City of New York in this case, is a classic governmental, rather than [*2]proprietary, function (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 430; Xenias v City of New York, 191 AD3d 453; Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d 1264). The actions taken by the EMTs in this case were discretionary (see Kinsey v City of New York, 141 AD3d 420; Dixon v City of New York, 120 AD3d at 753; DiMeo v Rotterdam Emergency Med. Servs., Inc., 110 AD3d 1423). The EMTs testified at their depositions that they are trained to use their discretion in responding to each call, based on the individual patient. The EMTs here exercised reasoned judgment when they determined that the intoxicated plaintiff should be brought to the hospital as he could be a danger to himself or others. Because the actions of the EMTs were discretionary, this Court need not address the issue of whether a special duty was owed to the plaintiff (see DiMeo v Rotterdam Emergency Med. Servs., Inc., 110 AD3d at 1424). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence.
Furthermore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent hiring, retention, supervision, or training, as the defendants conceded that the EMTs were acting within the scope of their employment when the incident occurred (see Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 929; Ashley v City of New York, 7 AD3d 742).
The Supreme Court properly denied the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint as academic, as the cross motion sought a determination that would not have any practical effect on the existing controversy (see Village Bank v Wild Oaks Holding, 196 AD2d 812; First N. Mortgagee Corp. v Yatrakis, 154 AD2d 433).
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court