Matter of Tatyana M. v Mark R. (2022 NY Slip Op 02951)

Matter of Tatyana M. v Mark R.

2022 NY Slip Op 02951

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Docket No. O-28901/17 Appeal No. 15862-15862A Case No. 2021-02037 

[*1]In the Matter of Tatyana M., Petitioner-Respondent,
v
Mark R., Respondent-Appellant.

Larry S. Bachner, New York, for appellant.
George E. Reed, Jr., White Plains, for respondent.

Order of disposition, Family Court, New York County (Stephanie Schwartz, Referee), entered on or about February 1, 2021, which, upon a fact-finding determination that respondent father committed the family offenses of attempted assault in the third degree and harassment in the second degree, granted petitioner mother an order of protection directing respondent to stay away from her and the parties' child for two years, subject to respondent's visitation with the child, unanimously affirmed, without costs. Appeal from fact-finding order, same court and Referee, entered May 12, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A fair preponderance of the evidence supports the court's determination that respondent committed harassment in the second degree (Family Court Act § 832; Penal Law § 240.26[3]; see Matter of Stephanie E. v Efrain G., 192 AD3d 404 [1st Dept 2021], lv denied 37 NY3d 902 [2021]). The record shows that respondent went to petitioner's building on the morning of November 22, 2017, despite her requests that he not do so. He entered the building, although he had no key and she did not buzz him in, went to the floor of her apartment, where she was inside with the child, and stood in the hallway outside the apartment despite her repeated requests that he leave. Although she warned him that she would call the police if he did not leave, he remained for several hours, preventing petitioner from leaving the apartment with the child. Petitioner testified to feeling threatened and afraid in light of his prior abuse. Respondent departed only when the police arrived.
A fair preponderance of the evidence also supports the determination that on January 4, 2016, respondent committed attempted assault in the third degree (Penal Law §§110.00; 120.00[1]). Petitioner testified that respondent scratched her face, neck and chest and pulled out her hair.
Respondent's arguments that petitioner did not suffer the requisite "physical injury" are misplaced, given that the offense at issue is attempted assault (see Matter of Kristie II., 252 AD2d 807, 808 [3d Dept 2008]). The court properly rejected respondent's claim that he had a legitimate purpose for his conduct on November 22, 2017, and his denial of the allegations against him on January 4, 2016. These conclusions are supported by the record and are based on the court's credibility findings, which are entitled to great weight (see Matter of Shirley D.-A. v Gregory D.-A., 168 AD3d 635, 635 [1st Dept 2019]).
We reject respondent's contention that he did not have adequate notice that the events of January 4, 2016 could be at issue in this proceeding (see Matter of Daniel P. [Noheme P.], 179 AD3d 436, 438 [1st Dept 2020]). The petition mentions that petitioner had previously sought an order of protection due to "physical abuse" and that that proceeding had been withdrawn, and gives the date of the petition that was withdrawn as January 4, 2016. We [*2]also reject respondent's contention that petitioner was estopped from testifying about that incident. Judicial estoppel is not applicable here because neither element of that doctrine is present. First, petitioner's withdrawal of her 2016 petition does not constitute a "contrary position" to her testimony in this proceeding about the events upon which it was based, particularly since respondent admitted at trial that he had threatened to post nude photos of her on the internet if she did not withdraw the petition. Second, petitioner did not "secure[] a judgment in . . . her favor" in the prior proceeding (Baje Realty Corp. v Cutler, 32 AD3d 307, 310 [1st Dept 2006] [internal quotation marks omitted]). Nor does the parties' February 4, 2016 so-ordered custody agreement, which makes no mention of the January 4, 2016 family offense petition, estop petitioner from testifying about the events upon which the January 4, 2016 family offense petition was based.
We reject respondent's argument that the final order of protection should not have included the child for two reasons. First, this issue was not raised below and is unpreserved for appellate review. Second, the inclusion of the child was warranted under the circumstances of this case. Section 842(a) of the Family Court Act provides that a final order of protection may require respondent:
"to stay away from . . . the other spouse, the other parent, or the child . . . . provided that the court shall make a determination, and shall state such determination in a written decision or on the record, whether to impose a condition pursuant to this subdivision, provided further, however, that failure to make such a determination shall not affect the validity of such order of protection. In making such determination, the court shall consider, but shall not be limited to consideration of, whether the order of protection is likely to achieve its purpose in the absence of such a condition, conduct subject to prior orders of protection, prior incidents of abuse, extent of past or present injury, threats, drug or alcohol abuse, and access to weapons."
While the better practice would have been for the Referee to have articulated the reasons for the determination to include the child in the order of protection in the written dispositional order, under the circumstances here, including the fact that respondent committed the offenses in the child's presence, the child's inclusion in the order of protection is warranted (see Matter of Danta P.C. v Tyrell C., 125 AD3d 568 [1st Dept 2015]; Matter of Coumba F. v Mamdou D., 102 AD3d 634, 635 [1st Dept 2013]), particularly since the order expressly preserves respondent's visitation rights.
We have considered respondent's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022