Walker-Rodriguez v City of New York (2024 NY Slip Op 05237)

Walker-Rodriguez v City of New York

2024 NY Slip Op 05237

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2019-11168
 (Index No. 522819/16)

[*1]Anita Walker-Rodriguez, et al., respondents,
v
City of New York, et al., appellants, et al., defendants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Richard Dearing and Ingrid R. Gustafson of counsel), for appellants.
Deutsch Law P.C., Scarsdale, NY (Lawrence M. Deutsch of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendants City of New York, New York City Police Department, and New York City Fire Department Emergency Medical Services appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated August 22, 2019. The order denied those defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants City of New York, New York City Police Department, and New York City Fire Department Emergency Medical Services which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants City of New York, New York City Police Department, and New York City Fire Department Emergency Medical Services.
On November 2, 2015, the plaintiff Dynell Fountaine called 911 to request an ambulance for his wife, the plaintiff Anita Walker-Rodriguez, who was experiencing difficulty breathing. Based upon the information received from Fountaine, a 911 dispatcher sent a "Basic Life Support" (hereinafter BLS) ambulance to the scene, as opposed to an "Advanced Life Support" (hereinafter ALS) ambulance. Within minutes, the BLS ambulance, staffed by emergency medical technicians (hereinafter EMTs), arrived at the plaintiffs' apartment. The EMTs assessed Walker-Rodriguez, who was unresponsive, and promptly contacted a dispatcher to request an ALS ambulance, staffed by paramedics. After learning that the ALS ambulance was approximately 12 minutes away, the EMTs decided to continue treating Walker-Rodriguez in the apartment while they waited for the paramedics to arrive, instead of immediately transporting her to a nearby hospital, which was 5 minutes away. Upon arrival, the paramedics rendered treatment to Walker-Rodriguez, but attempts at intubation were unsuccessful. The EMTs and paramedics ultimately placed Walker-Rodriguez in an ambulance and transported her to the nearby hospital where she was successfully intubated. Walker-Rodriguez allegedly suffered injuries, including brain damage, as a result of the [*2]incident.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries against the defendants City of New York, New York City Police Department, and New York City Fire Department Emergency Medical Services (hereinafter collectively the defendants), among others. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them. By order dated August 22, 2019, the Supreme Court denied the defendants' motion. The defendants appeal.
"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Canberg v County of Nassau, 214 AD3d 943, 944 [internal quotation marks omitted]). A municipality "is subject to suit under the ordinary rules of negligence" when it "is engaged in a proprietary function," whereas it may only be held liable when "acting in a governmental capacity" if "the plaintiff . . . prove[s] the existence of a special duty as an element of his or her negligence cause of action" (id. at 944-945 [internal quotation marks omitted]). "[A] special duty can arise," among other circumstances, when "the government entity voluntarily assume[s] a duty to the plaintiff beyond what [i]s owed to the public generally" (Cruz v City of New York, 211 AD3d 1011, 1011-1012 [internal quotation marks omitted]). However, "[e]ven if a plaintiff satisfies [his or her] burden of demonstrating that a special duty exists, a municipality acting in a discretionary governmental capacity may rely on the governmental function immunity defense, an affirmative defense that must be pleaded and proved by the municipality" (Ferreira v City of Binghamton, 38 NY3d 298, 311 [internal quotation marks omitted]). "The [defense] shields public entities from liability for discretionary acts taken during the performance of governmental function[s]" (Devlin v City of New York, 193 AD3d 819, 821), "even when the conduct is negligent" (Valdez v City of New York, 18 NY3d 69, 76 [internal quotation marks omitted]). "Discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results, whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (Kralkin v City of New York, 204 AD3d 772, 773). "The [governmental function immunity] defense precludes liability for a mere error of judgment but [it] is not available unless the municipality establishes that the action taken actually resulted from discretionary decision-making" (Valdez v City of New York, 18 NY3d at 79-80 [citation and internal quotation marks omitted]; see Devlin v City of New York, 193 AD3d at 821). Moreover, such "immunity . . . presupposes that judgment and discretion are exercised in compliance with the municipality's procedures, because the very basis for the value judgment supporting immunity and denying individual recovery becomes irrelevant where the municipality violates its own internal rules and policies[,] and exercises no judgment or discretion" (Johnson v City of New York, 15 NY3d 676, 681 [internal quotation marks omitted]; see Santaiti v Town of Ramapo, 162 AD3d 921, 928; Normanskill Cr., LLC v Town of Bethlehem, 160 AD3d 1249, 1252-1253). The governmental function immunity defense "is based on sound reasons of public policy in allowing government officials to execute their duties free from fear of vindictive or retaliatory damage suits" (Kelleher v Town of Southampton, 306 AD2d 247, 248 [internal quotation marks omitted]). "[W]hen both the special duty requirement and the governmental function immunity defense are asserted in a negligence case, the rule that emerges is that government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (Ferreira v City of Binghamton, 38 NY3d at 311-312 [alterations and internal quotation marks omitted]). In other words, in a negligence action where the municipality has raised the governmental function immunity defense, a plaintiff may only hold the municipality liable for actions taken in its governmental capacity where (1) a special duty exists and (2) the municipality's actions were ministerial in nature and not the result of discretionary decision-making (see id.; Kralkin v City of New York, 204 AD3d at 772-773; McCarthy v City of New York, 118 AD3d 963, 963-964).
As a threshold matter, it is well established that "[a] municipal emergency response system is a classic governmental, rather than proprietary, function" (Cockburn v City of New York, 129 AD3d 895, 896, citing Applewhite v Accuhealth, Inc., 21 NY3d 420, 430; see Canberg v County [*3]of Nassau, 214 AD3d at 945). The Supreme Court therefore properly determined, and the parties do not dispute, that the defendants' employees were engaged in governmental functions at all relevant times.
Contrary to the plaintiffs' contentions, however, the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The defendants demonstrated that the 911 dispatcher's decision, among other things, to send a BLS ambulance rather than an ALS ambulance "was discretionary and, therefore, protected by the doctrine of governmental immunity" (Sherpa v New York City Health & Hosps. Corp., 90 AD3d 738, 740; see Estate of Enchautegui v City of New York, 192 AD3d 404, 405; Dixon v City of New York, 120 AD3d 751, 753). Under the circumstances presented, the defendants also established that the EMTs exercised their discretion in declining to immediately transport Walker-Rodriguez to the nearby hospital and to instead wait for the paramedics in the ALS ambulance to arrive. Similarly, the defendants demonstrated that the actions of the paramedics resulted from discretionary decision-making, including with regard to the type of treatment to render (see Kralkin v City of New York, 204 AD3d at 773; Dixon v City of New York, 120 AD3d at 753; DiMeo v Rotterdam Emergency Med. Servs., Inc., 110 AD3d 1423, 1424-1425). In opposition, the plaintiffs failed to raise a triable issue of fact.
"Because the actions of the [defendants' employees] were discretionary, this Court need not address the issue of whether a special duty was owed to the plaintiff[s]" (Kralkin v City of New York, 204 AD3d at 773; see DiMeo v Rotterdam Emergency Med. Services, Inc., 110 AD3d at 1425), whether in relation to that branch of the defendants' motion which sought summary judgment or that branch which sought dismissal pursuant to CPLR 3211(a)(7).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court