Cappiello v City of Glen Cove (2024 NY Slip Op 05954)

Cappiello v City of Glen Cove

2024 NY Slip Op 05954

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-01517
 (Index No. 614241/19)

[*1]James Cappiello, et al., appellants, 
v
City of Glen Cove, et al., respondents, et al., defendant.

Arkin Solbakken LLP, New York, NY (Robert C. Angelillo of counsel), for appellants.
Sokoloff Stern LLP, Carle Place, NY (Steven C. Stern of counsel), for respondents City of Glen Cove, City of Glen Cove Building Department, and Richard Summa.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered March 2, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants City of Glen Cove, City of Glen Cove Building Department, Richard Summa, and Harding Development, LLC, which were for summary judgment dismissing the third, fourth, ninth, and tenth causes of action and the fifteenth and sixteenth causes of action insofar as asserted against the defendants City of Glen Cove, City of Glen Cove Building Department, and Richard Summa.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, the defendant Harding Development, LLC (hereinafter Harding), sought and obtained a variance and a building permit for the construction of a single-family dwelling on a vacant lot located in the defendant City of Glen Cove (hereinafter the premises). The plaintiffs own homes on two lots located on either side of the premises. All three lots slope down into a waterway, and the ground is, to a certain extent and in certain areas, unstable. The plaintiffs allegedly sustained injury to their properties during Harding's construction of the new dwelling on the premises.
The plaintiffs thereafter commenced this action, inter alia, to recover damages for injury to real property against the City and the defendants City of Glen Cove Building Department and Richard Summa (hereinafter collectively the City defendants), Harding, and another defendant. The plaintiffs alleged, among other things, that the City defendants were negligent in granting the variance and issuing the building permit. The City defendants and Harding moved, inter alia, for summary judgment dismissing the third, fourth, ninth and tenth causes of action, which were asserted only against the City defendants, and the fifteenth and sixteenth causes of action insofar as asserted against the City defendants, on the basis, among others, of the governmental function immunity defense. In an order entered March 2, 2022, the Supreme Court, among other things, granted those branches of the motion. The plaintiffs appeal.
"The governmental function immunity defense 'provides immunity for the exercise of discretionary authority during the performance of a governmental function'" (Ferreira v City of [*2]Binghamton, 38 NY3d 298, 311, quoting Turturro v City of New York, 28 NY3d 469, 479). The doctrine "'reflects separation of powers principles and is intended to ensure that public servants are free to exercise their decision-making authority without interference from the courts'" (Connolly v Long Is. Power Auth., 30 NY3d 719, 727, quoting Valdez v City of New York, 18 NY3d 69, 76). Discretionary acts "involve the exercise of reasoned judgment which could typically produce different acceptable results" (Kralkin v City of New York, 204 AD3d 772, 773; see Valdez v City of New York, 18 NY3d at 79-80). For the defense to attach, the municipal defendant must establish that the discretion it possessed "'was in fact exercised in relation to the conduct on which liability is predicated'" (Ferreira v City of Binghamton, 38 NY3d at 311, quoting Valdez v City of New York, 18 NY3d at 76).
Here, the City defendants established, prima facie, the applicability of the governmental function immunity defense. Generally, "[t]he decision whether to issue a permit is a discretionary determination" (City of New York v 17 Vista Assoc., 84 NY2d 299, 307; see Sharp v Incorporated Vil. of Farmingdale, N.Y., 129 AD3d 821, 822). Contrary to the plaintiffs' contention, the City defendants demonstrated that they exercised reasoned judgment in deciding to grant the variance and issue the building permit. In this respect, while a prior house built on the premises failed and allegedly caused damage to all three lots, the record demonstrated that Harding's proposed project was significantly different and was based upon extensive testing and evaluation by an engineering firm, done in collaboration with the New York State Department of Environmental Conservation. Furthermore, the City retained its own engineering firm to provide a third-party review of the variance and building permit applications. Under these circumstances, the City defendants demonstrated that they exercised their discretionary authority in deciding to grant the variance and issue the building permit, such that they are immune from liability (see Kralkin v City of New York, 204 AD3d at 773; Kelleher v Town of Southampton, 306 AD2d 247, 248-249). In opposition, the plaintiffs failed to raise a triable issue of fact.
Because the actions of the City defendants were discretionary, this Court need not address the issue of whether a special duty was owed to the plaintiffs (see Kralkin v City of New York, 204 AD3d at 773; see generally Ferreira v City of Binghamton, 38 NY3d at 311).
Moreover, contrary to the plaintiffs' contention, the subject branches of the motion were not premature. "[A] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Quintanilla v Mark, 210 AD3d 713, 714 [internal quotation marks omitted]). Mere hope or speculation about what evidence would be revealed in the discovery process is insufficient to defeat the motion for summary judgment (see id. at 715). Here, the plaintiffs failed to demonstrate that discovery might lead to further evidence relevant to the City defendants' governmental function immunity defense.
Accordingly, the Supreme Court properly granted those branches of the motion of the City defendants and Harding which were for summary judgment dismissing the third, fourth, ninth, and tenth causes of action and the fifteenth and sixteenth causes of action insofar as asserted against the City defendants.
IANNACCI, J.P., WOOTEN, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court