McMullin v Village of Spring Val.

2026 NY Slip Op 02261

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Derrick T. McMullin II, etc., appellant,

v

Village of Spring Valley, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-05997, (Index No. 36986/21)

Lara J. Genovesi, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Phillip Hom, JJ.

Sussman & Associates, Goshen, NY (Michael H. Sussman of counsel), for appellant.

Sokoloff Stern LLP, Carle Place, NY (Brian S. Sokoloff and Chelsea Weisbord of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for negligence and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated March 25, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with costs.

The plaintiff, individually and as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for negligence and wrongful death, alleging that the decedent suffered personal injuries and death following an encounter with police officers employed by the Spring Valley Police Department. Following the completion of discovery, the defendant, the Village of Spring Valley, moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. In an order dated March 25, 2024, the Supreme Court granted the motion. The plaintiff appeals.

"The governmental function immunity defense 'provides immunity for the exercise of discretionary authority during the performance of a governmental function'" (Ferriera v City of Binghamton, 38 NY3d 298, 311, quoting Turturro v City of New York, 28 NY3d 469, 479). "The doctrine of governmental function immunity reflects separation of powers principles and is intended to ensure that public servants are free to exercise their decision-making authority without interference from the courts" (Connolly v Long Is. Power Auth., 30 NY3d 719, 727 [internal quotation marks omitted]). "Discretionary acts 'involve the exercise of reasoned judgment which could typically produce different acceptable results'" (Cappiello v City of Glen Cove, 232 AD3d 844, 845, quoting Kralkin v City of New York, 204 AD3d 772, 773). "For the defense to attach, the municipal defendant must establish that the discretion it possessed was in fact exercised in relation to the conduct on which liability is predicated" (id. at 845 [internal quotation marks omitted]; see Ferriera v City of Binghamton, 38 NY3d at 311; Valdez v City of New York, 18 NY3d 69, 76).

Here, the defendant established, prima facie, the applicability of the governmental function immunity defense with regard to the cause of action alleging negligence. Evidence submitted by the defendant in support of its motion for summary judgment dismissing the complaint [*2]demonstrated that its police officers exercised reasoned judgment in administering and seeking medical attention for the decedent (see Kralkin v City of New York, 204 AD3d at 773; Davila v City of New York, 139 AD3d 890, 892-894; cf. Owens v City of New York, 183 AD3d 903, 906-907). In opposition, the plaintiff failed to raise a triable issue of fact (see Wagner v Parker, 172 AD3d 954, 955; Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligence.

Because the defendant's actions were discretionary, this Court need not address the issue of whether a special duty was owed to the plaintiff (see Cappiello v City of Glen Cove, 232 AD3d at 846; Kralkin v City of New York, 204 AD3d at 773).

"[A] cause of action alleging wrongful death [is] not derivative of a negligence cause of action, but [is] an independent cause of action vested in the [decedent's] distributees" (Marinos v Brahaj, 241 AD3d 76, 82; see McDaniel v Clarkstown Cent. School Dist. No. 1, 110 AD2d 349, 353). However, to support a survivor's cause of action alleging wrongful death, an injured plaintiff must have possessed a valid cause of action for their personal injuries (see Kudisch v Grumpy Jack's, Inc., 112 AD3d 788, 790; McDaniel v Clarkstown Cent. Sch. Dist. No. 1, 110 AD2d at 353).

Here, the defendant demonstrated that it was protected from liability for its actions during the incident with the decedent pursuant to the governmental function immunity defense. Therefore, as the decedent would not have possessed a viable cause of action to recover damages for her injuries, the plaintiff similarly possesses no viable cause of action to recover damages for wrongful death (see Kudisch v Grumpy Jack's, Inc., 112 AD3d at 790).

The parties' remaining contentions are without merit.

GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court