■ Leslie Parada et al., Appellants, v City of New York et al., Respondents, et al., Defendants. City of New York, Third-Party Plaintiff-Respondent, et al., Third-Party Plaintiffs, v Park Avenue Malls Planting Project, Third-Party Defendant-Respondent. [613 NYS2d 630] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 13, 1993, which granted the motion of defendant Park Avenue Malls Planting Project ("the Project") and the cross motions of

defendants City of New York and landscaper Peter Van De Wetering, Inc. ("VDW") for summary judgment dismissing the complaint and all cross claims against them, unanimously modified, on the law, the cross motion of defendant City is denied, the complaint is reinstated as to that defendant and, as so modified, the order affirmed, without costs.

Plaintiff suffered grave injuries as a front-seat passenger in an automobile driven by defendant Colon, which collided with an automobile driven by defendant Dominquez at the intersection of Park Avenue and 68th Street in Manhattan at about 3:00 A.M. on Sunday, July 26, 1987. The Colon vehicle was turning left onto 68th Street from the southbound lane of Park Avenue when it was struck on the passenger side by the northbound Dominquez vehicle. At her deposition, plaintiff testified that "big trees" in the median mall separating the three southbound and northbound lanes of Park Avenue were "in bloom", and that moments before the impact, "all I could see was those trees."

In addition to alleging the negligence of the two drivers in operating their respective vehicles, plaintiff contends that the plantings on the mall so dangerously diminished the range of motorists' vision at the accident scene as to constitute actionable negligence against the City and the other named defendants.

The IAS Court took the view that because in their depositions defendant Dominquez stated he "didn't really notice" the shrubbery, and defendant Colon stated that in making the turn, she had "inched up to make sure it was clear", this testimony foreclosed the possibility that reduction in the drivers' fields of vision, attributable to mall foliage, played any causational role in the accident, as a matter of law.

We disagree. In addition to her own testimony, plaintiff submitted the affidavit of another passenger in the Colon vehicle to the effect that the "median with trees, flowers and bushes * * * prevents a clear view" of cars traveling in the opposite direction on Park Avenue. This contention was also supported by an expert's affidavit. There was further proof that defendant Colon had not stopped at the turn and "inched" forward, but instead had proceeded in a continuous unbroken turn to the point of impact. Also, it appeared that on at least one occasion prior to 1987, the City's Department of Transportation had requested the Project to prune the mall trees.

Inadequate sight distance caused by obstructing trees will

result in liability on a governmental authority for negligent roadway maintenance. *(McKenna v State of New York,* 91 AD2d 1066; *cf., Nurek v Town of Vestal,* 115 AD2d 116, where the obligation to maintain the overgrown trees belonged to a different governmental authority which was not a party to the litigation.) Here, a triable issue of fact is clearly raised concerning the City's obligations.

The action was properly dismissed as to the Project and VDW since plaintiff has not demonstrated, in opposition to the summary judgment motions, that the Project's agreement with the City or VDW's contract imposed upon them any duty to plaintiff as a member of the public *(see, Pizzaro v City of New York,* 188 AD2d 591, 593-594, *lv denied* 82 NY2d 656). Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.