■ DEMETRIA RODRIGUEZ, Respondent, v 520 AUDUBON ASSOCIATES et al., Appellants. [895 NYS2d 406]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 5, 2009, which, in an action for personal injuries allegedly sustained in a slip and fall down interior stairs in a building owned and managed by defendants, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Defendants established their prima facie entitlement to summary judgment by submitting evidence that they lacked notice of the condition alleged to have caused plaintiff's fall. In opposition, plaintiff failed to raise a triable issue of fact. Although she stated that water accumulated on the lobby floor in the building each time it rained and that the water would be tracked onto the interior stairs, this raised no more than a general awareness that the floor became wet during inclement weather, which is insufficient to establish constructive notice of the specific condition causing her injury (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]). Plaintiff neither informed defendants of the alleged hazardous condition nor produced competent evidence to raise a factual question as to whether they had received notice from any other source (*see Casado v OUB Houses Hous. Co. Inc.*, 59 AD3d 272 [2009]). Furthermore, plaintiff's claim in her affidavit in opposition that a leak in the wall near the mailboxes resulted in a puddle of water at the bottom of the staircase each time it rained, is not consistent with her earlier deposition testimony and thus, insufficient to defeat defendants' motion (*see Caraballo v Kingsbridge Apt. Corp.*, 59 AD3d 270 [2009]). Nor did plaintiff raise a triable issue of fact on her other theories of liability, including that the subject stairs were in violation of Administrative Code of City of NY § 27-375 (h) and that she was caused to fall by a piece of metal nosing that had separated from the stair on which she slipped. Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.