■ MARTA DONES, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [917 NYS2d 186]—

Order, Supreme Court, New York County (Mary Brigantti-Hughes, J.), entered April 6, 2010, which denied defendant's motion for summary judgment dismissing the complaint and to strike certain allegations in plaintiff's verified bill of particulars, unanimously affirmed, without costs.

Plaintiff slipped and fell on water leaking from an exposed pipe in the bedroom of her apartment located in a building owned and operated by defendant New York City Housing Authority. Plaintiff's notice of claim alleged, inter alia, that defendant was negligent in causing and allowing the subject pipe steam/heater in her apartment to remain in a defective condition, leaking water, leaving the area "unguarded" and "unprotected," and "in failing to properly inspect and maintain said area."

Plaintiff's notice of claim fairly implied the allegations contained in plaintiff's bill of particulars relating to defendant's failure to place runners, mats, carpeting or other materials so as to cover, absorb or otherwise remove the water from the floor (*see Lopez v New York City Hous. Auth.*, 16 AD3d 164 [2005]; *Melendez v New York City Hous. Auth.*, 294 AD2d 243 [2002]).

The testimony from defendant's heating plant technician regarding defendant's customary practice of not introducing water into the steam riser during a typical September month failed to satisfy defendant's burden of making a prima facie case of entitlement to summary judgment on the basis that it did not create the hazardous condition, since evidence of general procedures cannot satisfy such burden. Moreover, defendant did not submit evidence as to whether a malfunction had actually occurred that resulted in water flowing through the subject pipe (*see Baptiste v 1626 Meat Corp.*, 45 AD3d 259 [2007]).

In light of plaintiff's testimony that she slipped on a puddle of water on her floor that had become wet due to a leaking pipe, that she had repeatedly complained to defendant about the leaking pipe, and that defendant had inspected the pipe on four to five occasions prior to the accident, we conclude that there exist triable issues on the question of actual or constructive notice (*see Talavera v New York City Tr. Auth.*, 41 AD3d 135 [2007]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.