■ MARCELL COOKE, Appellant, v CITY OF NEW YORK, Respondent. [943 NYS2d 512]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered February 8, 2011, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion to compel discovery, unanimously modified, on the law, to deny defendant's motion, without prejudice to renewal upon completion of discovery, and to grant so much of plaintiff's cross motion as sought records relating to the maintenance, inspection and repair of the access plate and post-accident records, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 31, 2011, which, upon reargument, adhered to its original determination, unanimously dismissed, without costs, as academic.

Plaintiff alleges that, on June 6, 2008, she suffered injuries in a trip and fall, caused by a hole created by the height differential between a metal access plate and the surrounding roadway, at a Manhattan crosswalk. On July 29, 2008, plaintiff served a notice of claim on the City of New York, which, inter alia, described defendant's negligence as consisting of "their failure to maintain and repair [the] access plate and adjacent roadway which created a dangerous and hazardous condition . . . and/or in the negligent repair." The foregoing language sufficiently apprised defendant that plaintiff was alleging affirmative negligence and that defendant created and caused the condition, and enabled defendant to investigate the claim (*see* General Municipal Law § 50-e [2]; *Brown v City of New York*, 95 NY2d 389, 393 [2000]). Plaintiff's "cause and create" and "affirmative negligence" theories were amplified in her complaint and bill of particulars and did not present new theories of liability (*see Jackson v New York City Tr. Auth.*, 30 AD3d 289, 291-292 [2006]).

In light of the outstanding discovery noted above, the grant of summary judgment dismissal was premature (*see* CPLR 3212 [f]). Additionally, as defendant refused to admit ownership of the access plate, plaintiff is entitled to records of post-accident repairs of the access plate and immediately surrounding roadway, in order to enable her to ascertain defendant's ownership and/or control (*see Fernandez v Higdon El. Co.*, 220 AD2d 293 [1995]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.