Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered November 28, 2011, which denied plaintiffs motion for partial summary judgment on the issue of liability, and granted the cross motion of defendant for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff slipped and fell on a strip of water in the service lobby, near the back exit of the building where she worked, during an ongoing snowstorm. Defendants demonstrated that the snowstorm started prior to, and continued during plaintiffs accident. Thus, defendants were not required to provide a constant, ongoing remedy when an alleged slippery condition is said to be caused by moisture tracked indoors during a storm (see Hussein v New York City Tr. Auth., 266 AD2d 146 [1st Dept 1999]; Kovelsky v City Univ. of N.Y., 221 AD2d 234 [1st Dept 1995]).
Defendants demonstrated that they had no notice of the alleged water accumulation in the service lobby, as this accumulation could have been tracked in by pedestrian traffic, or deliveries made through this service entrance (see Thomas v Boston Props., 76 AD3d 460 [1st Dept 2010]). Nor did defendants have constructive notice due to any ongoing and recurring condition which was routinely left unaddressed by the landlord, since plaintiff saw no water prior to her fall (see Rodriguez v 520 Audubon Assoc., 71 AD3d 417 [1st Dept 2010]). Moreover, neither the eyewitness nor the superintendent testified that there was any ice coming into the service area (see Roman v Met-Paca II Assoc., L.P., 85 AD3d 509 [1st Dept 2011]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Román and Clark, JJ.