■ ERIK PERRY, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [984 NYS2d 29]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 14, 2013, which, to the extent appealed from as limited by the briefs, granted defendant's motion to strike certain allegations in plaintiff's bill of particulars, unanimously reversed, on the law, without costs, and the motion denied.

In this slip and fall action, plaintiff's notice of claim alleging that the stairway on which he fell was, among other things, slippery, uneven, worn, broken, and cracked, "fairly implie[s]" the more specific allegations set forth in the bill of particulars concerning, among other things, the uneven heights and widths of the risers and treads, and the slippery, worn paint covering the steps (*see Dones v New York City Hous. Auth.*, 81 AD3d 554, 554 [1st Dept 2011]). Plaintiff's allegations that these conditions violated regulations and statutes do not assert a distinct or independent theory of liability. Concur—Friedman, J.P., Moskowitz, Freedman, Gische and Clark, JJ.