Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered July 19, 2013, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff, who is legally blind, alleged in his notice of claim that he fell at a street corner because of defects in the roadway that the City negligently failed to prevent from becoming a “traplike condition.” In his complaint, however, plaintiff alleged that the City negligently failed to maintain the sidewalk, curb *578 and roadway, negligently caused and permitted damage thereto, rendering the location dangerous, and failed to properly inspect and repair the location. At the General Municipal Law § 50-h hearing, plaintiff testified that the curb was higher than he expected, and in his bill of particulars he alleged that the accident occurred because, when he “stepped off the curb, he was caused to fall into the roadway due to the improper unexpected sudden and excessive drop of the curb to the roadway.”
The City correctly argues that plaintiff raised a new theory of liability in the complaint and bill of particulars by alleging that the City caused and created the defect, since the notice of claim alleged negligent maintenance and did not alert the City that plaintiff would allege a theory of affirmative negligence, or negligent design (see Rodriguez v Board of Educ. of the City of N.Y., 107 AD3d 651 [1st Dept 2013]; Sutin v Manhattan & Bronx Surface Tr. Operating Auth., 54 AD3d 616 [1st Dept 2008]). Plaintiffs time to seek leave to file a late notice of claim has expired (see General Municipal Law § 50-e [5]).
In any event, plaintiff failed to raise an issue of fact as to the City’s negligence or malpractice in the design of the subject curb. Plaintiffs expert relied on the Department of Transportation’s Standard Details of Construction (see 34 RCNY 2-09 [a] [2]) in asserting that curbs must be seven inches over the adjacent roadway. However, that publication does not impose “a particularized mandate or a clear legal duty” (see Fazzolari v City of New York, 105 AD3d 409, 409-410 [1st Dept 2013] [internal quotation marks omitted]; see also Hotaling v City of New York, 55 AD3d 396, 398 [1st Dept 2008], affd 12 NY3d 862 [2009]).
Concur—Tom, J.P, Moskowitz, DeGrasse, ManzanetDaniels and Clark, JJ.