**ROSA FRANKEL**, Respondent, v **NEW YORK CITY TRANSIT AUTHORITY**, Appellant. [19 NYS3d 739]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about November 24, 2014, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion to amend the notice of claim pursuant to General Municipal Law § 50-e (6), unanimously reversed, on the law, without costs, the motion granted, and the cross motion denied. The Clerk is directed to enter judgment accordingly.

Defendant demonstrated that the notice of claim was insufficient to comply with the requirements of General Municipal Law § 50-e (2), because it failed to give notice of plaintiff's present contention that the accident involving a slip on a staircase was caused by a missing portion of a handrail, instead of by water and/or liquid and debris (*see O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *Carrasquillo v New York City Dept. of Educ.*, 104 AD3d 516 [1st Dept 2013]; *Pezhman v City of New York*, 47 AD3d 493 [1st Dept 2008]; *Scott v City of New York*, 40 AD3d 408, 410 [1st Dept 2007]). Plaintiff may not amend the notice of claim pursuant to General Municipal Law § 50-e (6), because the allegation that the accident was caused by a portion of missing handrail is a new theory of liability,

which is not within the purview of this provision (*see Fleming v City of New York*, 89 AD3d 405 [1st Dept 2011]).

Plaintiff may not seek leave to file a late notice of claim asserting a new theory of liability, because the one-year-and-90-day statute of limitations has expired (*see* Public Authorities Law § 1212 [2]; General Municipal Law § 50-e [5]; *Islam v City of New York*, 111 AD3d 493, 494 [1st Dept 2013]). Concur—Tom, J.P., Sweeny, Andrias and Gische, JJ.