(May 23, 2017)

■ HERIBERTO PRATTS et al., Appellants, v BRUNO A. CAMPOLO et al., Defendants, and CITY OF NEW YORK, Respondent. [55 NYS3d 192]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 11, 2015, which granted defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

Plaintiffs are co-guardians of David Pratts, who suffered serious injuries, including brain damage, when his motorcycle collided with a car driven by defendant Bruno A. Campolo. Plaintiffs contend that the City negligently created visual obstructions, including a green fence and City vehicles parked in a no-parking zone, that prevented Campolo from seeing Pratts.

The theory of liability premised on illegally parked City vehicles is not properly considered, because it was not asserted in the notice of claim. The notice premised liability solely on the City's non-enforcement of parking restrictions, which did not alert the City of the need to investigate its own employees' parking practices (*see Monmasterio v New York City Hous. Auth.*, 39 AD3d 354, 356 [1st Dept 2007]; *accord Frankel v New York City Tr. Auth.*, 134 AD3d 440, 440-441 [1st Dept 2015]; General Municipal Law § 50-e [6]).

The record contains conflicting testimony as to whether the installation of the green fence enclosing a parking lot and/or storage area on the corner made it more difficult for drivers to see oncoming traffic and thus constituted a breach of the City's nondelegable duty to maintain its roads in reasonably safe condition (*see Stiuso v City of New York*, 87 NY2d 889, 890-891 [1995]; *Parada v City of New York*, 205 AD2d 427 [1st Dept 1994]). However, the record demonstrates conclusively that the alleged obstruction did not proximately cause the accident. Campolo testified that he stopped his car several times before turning, pulling forward far enough to get a clear view of oncoming traffic so that his vision was not obstructed when he made the left-hand turn. Even though the record contains an affidavit from a witness stating that Campolo only came to a brief stop before turning, and testimony from another witness that Campolo did not stop at all, neither statement serves to rebut Campolo's testimony that his vision was not obstructed when he made the turn. His failure to see Pratts was therefore entirely unrelated to the City's alleged negligence (*compare Parada*, 205 AD2d at 428-429 [finding issues of fact whether "(i)nadequate sight distance caused by obstructing trees" caused car accident; driver testified that moments before impact "all I could see was those trees"]). Concur—Acosta, P.J., Tom, Kapnick, Kahn and Gesmer, JJ.