■ ROZA ALEKSANDROVA, Appellant, v CITY OF NEW YORK et al., Respondents. [52 NYS3d 866]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered February 5, 2016, which denied plaintiff's motion to amend the notice of claim and the complaint, unanimously affirmed, without costs.

Plaintiff alleged in her notice of claim and complaint that she tripped over a protruding manhole cover near the entrance to a park, and that defendants were negligent in "failing to timely and/or properly repair [the] sidewalk," or to warn of the dangerous condition. After the applicable one-year-and-90-day limitations period elapsed (General Municipal Law § 50-i [1]), plaintiff moved to amend the notice of claim and complaint in order to plead, as an exception to the prior written notice rule (*see* Administrative Code of City of NY § 7-201 [c]), that defendants had caused and created the condition or made "special use" of the sidewalk.

The allegations of negligent maintenance in the notice of claim did not provide notice of plaintiff's new theory of affirmative negligence (*see Cambio v City of New York*, 118 AD3d 577 [1st Dept 2014]; *compare Cooke v City of New York*, 95 AD3d 537 [1st Dept 2012] [notice of claim alleging that the defendant "created" defective condition through negligent repair provided adequate notice of the plaintiff's cause-and-create claim]). Thus, General Municipal Law § 50-e (6), which "authorizes the correction of good faith, nonprejudicial, technical defects or omissions, not substantive changes in the theory of liability" (*Scott v City of New York*, 40 AD3d 408, 410 [1st Dept 2007]), does not apply. Further, General Municipal Law § 50-e (5) does not authorize amendment of the notice of claim to assert a new theory of liability where, as here, the limitations period has expired (*see Frankel v New York City Tr. Auth.*, 134 AD3d 440, 441 [1st Dept 2015]; General Municipal Law § 50-i [1]).

Even assuming that the "special use" theory is not a new theory of liability, leave to amend to add it would be futile, since the City's ownership of the manhole cover does not constitute a "special use" of the sidewalk (*see Chambers v City of New York*, 147 AD3d 471, 472 [1st Dept 2017]). Concur—Sweeny, J.P., Mazzarelli, Moskowitz, Manzanet-Daniels and Kapnick, JJ.