Ramos v City of New York (2023 NY Slip Op 00400)

Ramos v City of New York

2023 NY Slip Op 00400

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Index No. 24135/13 Appeal No. 17198 Case No. 2021-04731 

[*1]Isabel Ramos, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered September 15, 2021, which granted defendants' (the City) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This action arises from an accident that occurred when plaintiff slipped and fell on certain debris while walking on a path through Macombs Dam Park, during her morning commute. The City established prima facie entitlement to summary judgment pursuant to Administrative Code of the City of New York § 7-201(c)(2) that it did not have prior written notice of the alleged condition, and plaintiff failed to raise an issue of fact in opposition (see Groninger v Village of Mamaroneck, 67 AD3d 733, 734 [2d Dept 2009], affd 17 NY3d 125 [2011]). Plaintiff's argument that an exception to that rule applies because the City caused or created the condition through an affirmative act of negligence is unpreserved because she failed to raise this theory of liability in her notice of claim (see Perez v City of New York, 193 AD3d 432, 433 [1st Dept 2021]; see also Ghin v City of New York, 76 AD3d 409, 410 [1st Dept 2010]). Nor is the issue of the applicability of the cause or create exception to the prior written notice requirement a pure question of law that is evident from the face of the record (see e.g. Salodkaya v City of New York, 193 AD3d 604, 605 [1st Dept 2021]).
Even assuming plaintiff's arguments were properly advanced, she failed to raise an issue of fact as to whether the City caused or created the alleged defective condition through an affirmative act of negligence (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see also e.g. Dunn v City of New York, 206 AD3d 403 [1st Dept 2022]). Plaintiff's argument that the City's snow and ice removal activities forced her to walk and trip over the debris from nearby ballfields on the cleared area of the pathway, is speculative (see Gray v City of New York, 195 AD3d 538 [1st Dept 2021]). In any event, contrary to plaintiff's argument, the alleged "failure to remove all the snow or ice . . . is not an affirmative act of negligence" (Groninger v Village of Mamaroneck, 67 AD3d at 734).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023