Burnes v City of New York (2023 NY Slip Op 05221)

Burnes v City of New York

2023 NY Slip Op 05221

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 161477/21 Appeal No. 817 Case No. 2022-04292 

[*1]Leon Burnes, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Michelstein & Ashman, PLLC, New York (Gil Winokur of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.

Order, Supreme Court, New York County (Machelle Sweeting, J.), entered June 7, 2022, which denied in part plaintiff's motion for leave to amend and supplement the notice of claim, nunc pro tunc, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff moved to amend his notice of claim in order to describe more specifically the structure that caused his accident. Supreme Court denied plaintiff's motion to amend the notice of claim pursuant to General Municipal Law § 50-e(6) on the ground that the proposed amendment asserted a new theory of liability.
The purpose of prohibiting new theories of liability in notices of claim is to prevent prejudicing the city in its ability to timely investigate the claim and provide an adequate defense (General Municipal Law § 50-e). Contrary to defendants' argument, to the extent the notice of claim alleges affirmative negligence, plaintiff did so in the first instance. Plaintiff's original notice of claim alleged that his injuries were caused by New York City's "negligent . . . design, maintenance, construction and installation . . ." of the "the traffic island/extra curb/bumper" in question. Plaintiff only adds that his injuries were related to the "design, installation, and maintenance" of the delineators and bollards which are specific elements of the traffic island. This addition only alleges specific facts related to the theories of liability contained in the original claim, unlike in cases cited by defendants (see Ramos v City of New York, 212 AD3d 582 [1st Dept 2023] [where the plaintiff sought to introduce a new theory of liability to escape summary judgment]; Aleksandrova v City of New York, 151 AD3d 427 [1st Dept 2017] [introducing a new "special use" theory of action that involved the need for additional supporting facts, related to the maintenance of a city manhole]). Accordingly, we find that this amendment does not seek to assert a new theory of liability, and instead merely clarifies the facts alleged in the claim, as permitted by General Municipal Law § 50-e.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023