Pressley v 535 Greenwich LLC (2024 NY Slip Op 05500)

Pressley v 535 Greenwich LLC

2024 NY Slip Op 05500

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 154332/18 Appeal No. 2985 Case No. 2023-06079 

[*1]Eldrick Pressley, Plaintiff,
v
535 Greenwich LLC, Defendant-Respondent, Gregory Soros, Defendant, R.J.C. Mechanical Corp., Defendant-Appellant. 535 Greenwich LLC, Third-Party Plaintiff-Respondent, Gregory Soros, Third-Party Plaintiff,

Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for appellant.
Stonberg Hickman & Pavloff LLP, New York (Kevin A. Hickman of counsel), for 535 Greenwich LLC, respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about July 17, 2023, which, to the extent appealed from as limited by the briefs, granted defendant 535 Greenwich LLC's (Greenwich) motion for summary judgment on its cross-claims against defendant R.J.C. Mechanical Corp. (RJC), unanimously reversed, on the law, without costs, and the motion denied.
Supreme Court correctly identified an issue of fact as to RJC's negligence, which precludes summary judgment on Greenwich's cross-claim against RJC due to the negligence trigger contained in the applicable indemnification agreement (see e.g. Arias v Sanitation Salvage Corp., 199 AD3d 554, 557 [1st Dept 2021]; see generally Brown v Two Exch. Plaza Partners, 76 NY2d 172, 177-178 & n 3 [1990]). That same issue of fact precludes summary judgment in Greenwich's favor on its common-law indemnification cross-claim against RJC (see generally Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]; Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). In addition, Greenwich has abandoned its breach of contract cross-claim for failure to procure insurance by failing to defend it on appeal (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]). In any event, RJC's insurer has already agreed to defend and indemnify Greenwich in this action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024