Vargas v 622 Third Ave. Co. LLC (2024 NY Slip Op 06285)

Vargas v 622 Third Ave. Co. LLC

2024 NY Slip Op 06285

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 158087/16 Appeal No. 3246 Case No. 2023-02901 

[*1]Jason Vargas, Plaintiff-Respondent,
v
622 Third Avenue Company LLC, et al., Defendants-Respondents-Appellants, The Interpublic Group of Companies, Defendant-Respondent.
622 Third Avenue Company LLC, Third-Party Plaintiff-Respondent-Appellant,
v
JK Flooring, Inc., Third-Party Defendant-Appellant-Respondent, Architectural Flooring Resources, Inc., Third-Party Defendant-Respondent- Appellant.
The Interpublic Group of Companies, Second Third-Party Plaintiff- Respondent,
v
J.T. Magen & Company, Inc., Second Third-Party Defendant- Respondent-Appellant.

Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for appellant-respondent.
Baker Greenspan & Bernstein, Bellmore (Evan E. Richards of counsel), for 622 Third Avenue Company LLC, respondent-appellant.
Fabiani Cohen & Hall, LLP, New York (Janet P. Ford of counsel), for J.T. Magen & Company, Inc., respondent-appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Daniel T. Wright of counsel), for Architectural Flooring Resources, Inc., respondent-appellant.
Constantinidis & Associates, P.C., Bellmore (Steven T. Lane of counsel), for Jason Vargas, respondent.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for The Interpublic Group of Companies, respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 30, 2023, which, to the extent appealed from as limited by the briefs, denied third-party defendant John Knopf Flooring, Inc.'s (JK Flooring) motion for summary judgment dismissing all of the contractual indemnification causes of action asserted against it, granted third-party defendant Architectural Flooring Resources, Inc.'s (AFR) motion for summary judgment on its contractual indemnification cause of action against JK Flooring, denied defendant/second third-party defendant J.T. Magen & Company, Inc.'s (JT Magen) motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence causes of action against it, defendants Interpublic Group of Companies' and defendant/third-party plaintiff 622 Third Ave. Company LLC's (622 Third Avenue) causes of action for contractual indemnification against it, all of the common-law indemnification and contribution causes of action against it, and the entirety of the second third-party complaint as against it, denied 622 Third Avenue's motion for summary judgment on its cause of action for contractual indemnification against JK Flooring, and denied AFR's motion for summary judgment dismissing JK Flooring's and JT Magen's cross-claims against it, unanimously modified, on the law, AFR's motion for summary judgment granted to the extent of dismissing the cross-claims asserted against it, and otherwise affirmed, without costs.
This action arises from an incident in which plaintiff allegedly slipped on a puddle of water in a staircase located within 622 Third Avenue. At the time of the accident, plaintiff was employed by JK Flooring and was at the location to install flooring as part of a renovation project. Defendant JT Magen was the general contractor for the project.
The court properly denied the summary judgment motion of JT Magen to the extent it sought dismissal of plaintiff's Labor Law § 200 and common-law negligence causes of action. The record in this case is sufficient to raise a triable issue of fact as to whether JT Magen had, and exercised, control over the manner in which plaintiff performed his work, and could have avoided exposing plaintiff to the unsafe condition which led to his injury (see Hughes v Tishman Constr. Corp., 40 AD3d 305, 306 [1st Dept 2007]; Miano v Skyline New Homes Corp., 37 AD3d 563, 566 [2d Dept 2007]). Plaintiff testified that he was required to report to an employee of JT Magen, that such employee was aware of a wet condition in the staircase and had complained about it earlier in the day, and that the employee specifically instructed plaintiff to use that staircase without warning him of the dangerous condition, in lieu of other means of access to floors to which plaintiff needed to travel.
The court properly denied JT Magen's motion for summary judgment to the extent it sought dismissal of the contractual indemnification causes of action asserted by 622 Third Ave. and Interpublic [*2]against it, relying in part on the terms of a contract between JT Magen and an Interpublic subsidiary. Even assuming JT Magen is correct that the court should have considered the contract, which was not authenticated by the subsidiary (see Clarke v American Truck & Trailer, Inc., 171 AD3d 405, 406 [1st Dept 2019]), it still was not entitled to summary judgment on the contractual indemnification causes of action. The indemnification provision in this agreement contained a negligence trigger (see Pressley v 535 Greenwich LLC, __ AD3d __, 2024 NY Slip Op 05500 [1st Dept 2024]). In view of the questions of fact as to whether JT Magen was negligent, and whether such negligence caused this injury in whole or in part, JT Magen is not entitled to summary judgment (see e.g. Gomes v Vornado 640 Fifth Ave. L.L.C., 195 AD3d 486, 486 [1st Dept 2021]). As for JT Magen's arguments that the remaining third party claims and cross-claims asserted against it should be dismissed because it was not negligent, we find that the questions of fact identified with respect to its negligence preclude summary judgment.
The court properly concluded that JK Flooring was not entitled to summary judgment dismissing the contractual indemnification claims asserted against it. The indemnity agreement entered into between JK Flooring and AFR was valid and enforceable, notwithstanding the fact that 622 Third Ave., Interpublic and JT Magen are not mentioned by name in the agreement. The indemnification agreement specifically provides that JK Flooring will indemnify the "owner, owners consultant, the building landlord, and their . . . employees, agents and representatives . . .". JK Flooring has failed to establish, as a matter of law, that the parties seeking indemnity under that agreement (the owner, the leaseholder and the leaseholder's contractor) do not fall within its terms (cf. Padron v Granite Broadway Dev. LLC, 209 AD3d 536 [1st Dept 2022]; see also Ruisech v Structure Tone Inc., 208 AD3d 412, 416-417 [1st Dept 2022]; lv granted 40 NY3d 908 [2023]).
The court also correctly determined that the terms of this indemnification provision do not violate General Obligations Law § 5-322.1 (see Guevara-Ayala v Trump Palace/Parc LLC, 205 AD3d 450, 451-452 [1st Dept 2022]; Dutton v Pankow Bldrs., 296 AD2d 321, 322 [1st Dept 2002], lv denied 99 NY2d 511 [2003]). Furthermore, we reject JK Flooring's contention that the court may look to extrinsic evidence to interpret it. The agreement applied to all work orders and did not contain an expiration date. There was no basis to consider extrinsic or parol evidence in the absence of any ambiguity (see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]).
We agree with JK Flooring that this indemnification provision contains a negligence trigger (see Sandoval-Morales v 164-20 N. Blvd., LLC, 231 AD3d 501 [1st Dept 2024]). However, JK Flooring failed to establish, as a matter of law, that it was not negligent or that its negligence [*3]did not cause this injury, at least in part (Gomes at 486). For purposes of the contractual indemnification cause of action, plaintiff's own negligence may be imputed to JK Flooring, his employer (see Mercado v Caithness Long Is., LLC, 104 AD3d 576, 578 [1st Dept 2013]). Although plaintiff has identified evidence in the record that he was specifically instructed to use the one staircase, there was conflicting evidence suggesting that plaintiff may have used the staircase in violation of his instructions and posted signage.
622 Third Ave. failed to establish its entitlement to summary judgment on its cause of action for contractual indemnification against JK Flooring. 622 Third Ave., the building owner and the sole party alleged to be in charge of maintaining the staircase, pipes, and operating the valves, failed to establish that it is free of any negligence (see generally Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662 [2d Dept 2009]). Notably, 622 Third Ave. failed to establish either that it did not create the hazardous condition (see Dones v New York City Hous. Auth., 81 AD3d 554, 554 [1st Dept 2011]), or that it lacked actual or constructive notice of the condition (see Graham v YMCA of Greater N.Y., 137 AD3d 546, 547 [1st Dept 2016]).
622 Third Ave.'s contention that, as a matter of law, it was not negligent because of its posted signage is unavailing. Such signage did not convey the hazard to which people entering the staircase may be exposed, and there is no basis to conclude that a water hazard would be a reasonably foreseeable risk inherent in entering a building staircase (see Dakin v State, 284 App Div 53, 56 [3d Dept 1954]; compare Carol S. v State of New York, 185 AD3d 1385 [4th Dept 2020]).
In light of the court's finding that AFR established that it was not negligent, the cross-claims asserted against AFR for contribution and common-law indemnification should be dismissed (see Stone v Williams, 64 NY2d 639, 642 [1984]). JK Flooring has abandoned its cross-claims against AFR by failing to defend them in this appeal (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]). We further find JT Magen's argument, raised in its reply, that the court did not actually find AFR to be free of negligence, to be unpersuasive.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024