Chan v City of New York (2025 NY Slip Op 02717)

Chan v City of New York

2025 NY Slip Op 02717

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 21851/15|Appeal No. 4277|Case No. 2023-03824|

[*1]Amy Chan et al., Plaintiffs-Appellants,
v
The City of New York et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kenneth J. Gorman of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Martin K. Rowe III of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered June 28, 2023, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly declined to consider plaintiff Amy Chan's allegations of negligent snow removal, failure to utilize matting, and worn surfaces. Those allegations were not alleged in the notice of claim or plaintiff's pleadings, and plaintiff's time to seek leave to file a late notice of claim has expired (see Cambio v City of New York, 118 AD3d 577, 578 [1st Dept 2014]). Contrary to plaintiff's contention, the allegation that defendants created a hazardous condition by failing to place a mat on the floor in the location where plaintiff ultimately fell, as alleged in the amended verified bill of particulars, cannot be fairly inferred from the allegation in the notice of claim that plaintiff was caused to slip and fall on the floor due to the City's negligence in maintaining the premises "in allowing water/liquid to accumulate on the floor of the premises." That allegation goes beyond mere amplification and is instead a new, distinct, and independent theory of liability (compare Lopez v New York City Hous. Auth., 16 AD3d 164, 165 [1st Dept 2005], with Dones v New York City Hous. Auth., 81 AD3d 554 [1st Dept 2011]).
The City established prima facie that its employees did not create or have actual or constructive notice of the wet condition on the floor where plaintiff allegedly slipped and fell. Plaintiff's deposition testimony showed that the condition did not exist for a sufficient period of time to allow defendants to discover and remedy the problem (see Perez v River Park Bronx Apts., Inc., 168 AD3d 465, 466 [1st Dept 2019]). Although defendants' handyman assigned to the premises at the time of the accident testified that he did not inspect the accident location before plaintiff fell, plaintiff testified at her deposition that she did not see water on the floor before her accident, which occurred no more than five minutes later when she walked back through the corridor (see Sanchez v Bronx United in Leveraging Dollars, Inc., 234 AD3d 642, 644 [1st Dept 2025]).
Plaintiff's opposition did not raise a triable issue of fact. "The evidence fails to demonstrate a specific recurring dangerous condition routinely left unaddressed by defendant, as opposed to a mere general awareness of such a condition" (Love v New York City Hous. Auth., 82 AD3d 588 [1st Dept 2011] [internal quotation marks omitted]). Plaintiff's averment that puddles or a wet surface would be created on the floor where she fell on days of inclement weather raised no more than a general awareness that the accident location could become wet during inclement weather, which is insufficient to raise an issue of fact as to whether defendants had constructive notice of the specific condition causing her injury (see Barreto v 750 Third Owner, LLC, 194 AD3d 441, 442 [1st Dept 2021]; Rodriguez [*2]v 520 Audubon Assoc., 71 AD3d 417, 417 [1st Dept 2010]).
That defendants had a practice of placing a mat at the location where plaintiff fell in inclement weather and failed to adhere to that practice at the time of the accident is insufficient to raise issues of fact as to negligence. "The reasonable care standard does not require a defendant to cover all of its floors with mats to prevent a person from falling on tracked-in moisture" or "to place a particular number of mats in particular places" (Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462, 465 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025