Batten v City of New York (2025 NY Slip Op 02713)

Batten v City of New York

2025 NY Slip Op 02713

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 150038/21|Appeal No. 4285|Case No. 2024-02619|

[*1]Wade Batten, Jr. etc., Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants, Hemchan Rambaran et al., Defendants-Respondents.

Muriel Goode-Trufant, Corporation Counsel, New York (Amy McCamphill of counsel), for appellants.
Kramer, Dillof, Livingston & Moore, New York (Matthew Gaier of counsel), for Wade Batten, Jr., respondent.
Pillinger Miller Tarallo, LLP, Elmsford (Donna M. Brautigam of counsel), for Hemchan Rambaran and Naraindra Rambaran, respondents.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered March 15, 2024, which denied the motion of defendants The City of New York and Central Park Conservancy, Inc. (collectively, the City defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
In this wrongful death action, the decedent was fatally hit by a speeding car in a pedestrian crosswalk. It is undisputed that there was foliage in front of the crosswalk signal. The City "has a nondelegable duty to keep its roads reasonably safe" (Brown v State of New York, 31 NY3d 514, 519 [2018]). Foliage obstruction of traffic signs and signals may constitute negligent roadway maintenance (see Parada v City of New York, 205 AD2d 427, 428-429 [1st Dept 1994]; see also Rivera v Town of Wappinger, 164 AD3d 932, 934 [2d Dept 2018]).
The City defendants' motion for summary judgment was properly denied because they failed to sustain their prima facie burden that they were either not negligent in maintaining the foliage around the pedestrian signal or that the obstruction of the signal was not a proximate cause of decedent's accident. On their motion, the City defendants submitted the deposition testimony of a detective from the NYPD Collision Investigation Squad (CIS). The detective testified that the obstructed crosswalk signal was a contributing factor to decedent's accident inasmuch as the signal was partly obscured by foliage. According to the detective, visibility of the signal was also affected by changes to the natural lighting conditions at the time of the accident, because the sun was "continuing to go down." The detective's testimony, which was based on his investigation of the accident and review of the evidence, had a rational basis (see e.g. Matott v Ward, 48 NY2d 455, 461 [1979]).
Given this testimony, the City defendants' reliance on a photograph and video taken by CIS later that same day, which showed the subject crosswalk signal partly obstructed but with a white "walk" sign visible through the foliage, was insufficient to establish prima facie that the City defendants were entitled to judgment as a matter of law. Because the City defendants failed to establish prima facie entitlement to judgment as a matter of law, denial of their motion is warranted regardless of the sufficiency of plaintiff's opposition papers (see Alvarez v Prospect Hospital, 68 NY2d 320, 324 [1986]).
We have considered the City defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025