Sznycer v Con Edison Co. of N.Y., Inc.
2026 NY Slip Op 02948
May 12, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Anna D. Sznycer, Respondent-Appellant,
v
Con Edison Company of New York, Inc., Appellant-Respondent, Malota Plumbing Contracting Corp., Defendants.

Decided and Entered: May 12, 2026
Index No. 158138/17|Appeal No. 6585-6586|Case No. 2023-03757, 2024-06633|
Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'Neill Levy, JJ.

DSR Appeals, Montrose (Daniel S. Ratner of counsel), for appellant-respondent.
The Law Offices of Jeffrey B. Melcer PLLC, New York (Jeffrey B. Melcer of counsel), for respondent-appellant.

[*1]
Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about October 8, 2024, which, to the extent appealed from, denied the motion of Con Edison Company of New York, Inc. for summary judgment dismissing the complaint and the cross-motion of plaintiff seeking spoliation sanctions, unanimously affirmed, without costs. Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about May 30, 2022, which granted plaintiff's motion to renew her prior motion for discovery sanctions based on Con Ed's failure to produce material related to post-accident remedial measures, but adhered to its original decision to deny said motion, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded to Supreme Court for further proceedings in accordance with this decision.
Con Ed failed to satisfy its prima facie burden of demonstrating that it did not create the hazardous condition at issue (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). While Con Ed asserts that its search for records of work it performed in the area where plaintiff tripped and fell reflects that it did not perform any work at that location, its witness was equivocal on the import of the records reviewed. For example, the witness testified that she could not say whether any of the work permits located would have resulted in the cut lines seen in the crosswalk plaintiff was traversing at the time of the accident, and that she did not know whether Con Ed was responsible for repairing any defects in the roadway near where its work was performed. Further, the witness's testimony was devoid of any assertion that the defect was not the result of Con Ed work.
The court also correctly denied plaintiff's motion seeking spoliation sanctions based on the street's having been paved after the accident, eliminating the depression she stepped into. Plaintiff failed to make a showing that it was Con Ed that paved the street, much less that it intentionally did so to frustrate her claim (see Mohammed v Command Sec. Corp., 83 AD3d 605, 605 [1st Dept 2011], lv denied 17 NY3d 708 [2011]).
Evidence of post-accident repairs may be admissible when there is an issue of who controlled the instrumentality of harm (see Fernandez v Higdon El. Co., 220 AD2d 293, 293 [1st Dept 1995]). Thus, where a party denies ownership of an area where there was a dangerous condition, or, as here, that it created the condition, discovery of post-accident repairs may be appropriate (see Cooke v City of New York, 95 AD3d 537, 538 [1st Dept 2012]). While Con Ed denies performing work in the location of the accident, [*2] there is evidence that it was active in the general vicinity where the depression that caused plaintiff's fall was repaired. This was sufficient to entitle plaintiff to discovery concerning any post-accident work that Con Ed may have conducted in the area (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2026